STATE OF NEBRASKA, APPELLEE, v. LLOYD R. MEINTS, APPELLANT.

202 N. W. 2d 202

Filed November 17, 1972. No. 38486.

John McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals a third offense drunk drive con-

viction. He predicates his appeal on the admission in evidence of his refusal to give a body fluid specimen, and on the fact that the deputy county attorney commented on that refusal in his closing argument to the jury. We affirm.

Defendant has not raised any question as to the sufficiency of the evidence. We observe, however, that it was ample to sustain the conviction without regard to the disputed testimony.

The offense occurred November 4, 1971, in Gage County, Nebraska. The defendant, who was involved in an accident, refused to give a chemical test for intoxication to comply with the Nebraska Implied Consent Law. In the trial, which took place on January 31 and February 1, 1972, the State was permitted to show that the defendant refused to give a body fluid specimen on seven different occasions.

Section 39-727.03, R. S. Supp., 1971, provides that any person who operates or has in his actual control a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his blood, urine, or breath for the purpose of determining the amount of alcoholic content in his body fluid. It further provides that any person who refuses to submit to a blood, breath, or urine test required pursuant to this section shall be guilty of a crime and upon conviction thereof shall be punished as provided in section 39-727, R. S. Supp., 1971.

Defendant argues it was prejudicial error to permit the State to show he committed another crime in addition to the one for which he was on trial. It is not necessary to discuss the cases cited by the defendant. They are not in point herein. It is the exception to the rule which he urges that is pertinent.

Where proof of a different crime tends to establish motive, criminal intent, or guilty knowledge, it is admissible. See Henry v. State (1939), 136 Neb. 454, 286 N. W. 338. That is the nature of the evidence which

defendant seeks to exclude. It is proper in a criminal case to show defendant's conduct, demeanor, statements, attitudes, and relation toward the crime. These are circumstances to be shown. Their weight is for the jury. These are admissible if the rules governing their admission are strictly observed. A refusal to submit to a sobriety test required by law is such a circumstance.

So far as we can determine, this is the first time that the admission of testimony as to the defendant's refusal to submit to a chemical test for intoxication in his trial for driving while under the influence of alcoholic liquor has been before this court. While there is a division among the various jurisdictions on the admissibility of the evidence of the refusal to submit to the test, we believe the better rule is the majority one which permits the admission of such evidence. Section 39-727.03, R. S. Supp., 1971, is very definite: "Any person who operates * * * shall be deemed to have given his consent * * *." Consent being required, the refusal to give the chemical test should be admissible in evidence against the defendant. We accordingly hold that the refusal of a defendant to submit to a legal chemical test for intoxication is admissible in evidence. See State v. Holt (1968), 261 Iowa 1089, 156 N. W. 2d 884, a case which on its facts is very similar to the instant one; and an Annotation on the point in 87 A. L. R. 2d 370.

In Schmerber v. California (1966), 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908, the United States Supreme Court held that a blood sample withdrawn from a defendant's body without his consent and over his objections did not violate his privilege against self-incrimination.

We now consider defendant's second contention, comment by the prosecutor on such evidence. It would seem that if it is constitutionally permissible to take a blood specimen over objection, and if evidence of the refusal to give a specimen is admissible, it should fol-

low that it is permissible to comment to the jury on the refusal to take the test.

The following language from City of Westerville v. Cunningham (1968), 15 Ohio St. 2d 121, 239 N. E. 2d 40, is very pertinent herein: "Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt."

In the instant case, the trial court gave instruction No. 11 which is as follows: "Evidence was received in this case purporting to show that defendant was advised by the police of the provisions of the implied consent law dealing with the taking of specimens of body fluid to determine the alcoholic content thereof. Such evidence was received solely and for the limited purpose of showing compliance by the State with the provisions of such law. You must not, therefore, consider such evidence for any other purpose."

Instruction No. 11 would suggest that it may have been improper for the prosecutor to have commented on the evidence as it was admitted solely to show the State was attempting to comply with the law. It is a matter of common knowledge that where a fluid test is not taken the defense usually uses its absence as an argument to question the testimony that the defendant was under the influence of alcoholic liquor. We believe,

however, that the instruction was more favorable than the defendant had any right to expect.

This type of evidence is not in the class proscribed as a violation of the Fifth Amendment by Griffin v. California (1965), 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106. That case held a California statute permitting comment on and inferences to be drawn from the failure of a defendant to explain or deny evidence against him violated the Fifth Amendment. Schmerber v. California (1966), 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908, establishes that a chemical test for intoxication is not embraced within the ambit of the Fifth Amendment. There is a vast difference between prohibiting comment on a failure to give incriminating testimony which is within the Fifth Amendment and comment on the refusal to submit to a chemical test which is required by law. Here we have a wrongful refusal to cooperate with a law enforcement officer, a refusal which might operate to suppress evidence of intoxication which disappears rapidly with the passage of time. We would be derelict in our duty if we were to encourage such devices to escape prosecution.

This prosecution was under the law as it existed in 1971. Section 39-727.16, R. S. Supp., 1972, was added to the statute in 1972. It became effective July 6, 1972, after the prosecution herein. Our law now provides that if a person arrested pursuant to section 39-727.03, R. S. Supp., 1972, refuses to submit to the chemical test, the test shall not be given, and the arresting officer shall make a sworn report to the Director of Motor Vehicles. While we are interpreting our law as it existed in 1971 for this case, the 1972 changes in the law will not affect the rules enunciated herein.

Judgment affirmed.

AFFIRMED.

McCown, J., concurring in result.

I do not agree with the implications as to issues not directly raised, nor the dicta which places the stamp

of approval upon statutory changes not involved and not before us.