**STATE of Oklahoma, Appellant,**

v.

**Delilah Gean NEASBITT, Appellee.**

No. S–85–566.

Court of Criminal Appeals of Oklahoma.

March 23, 1987.

Ronald E. Worthen, Dist. Atty., David A. Webb, Asst. Dist. Atty., Madill, for State.

## OPINION

BUSSEY, Judge:

The single issue presented by this appeal comes before this Court on a reserved question of law. 22 O.S.1981, § 1053.1. The appellee, Delilah Gean Neasbitt, was tried in the District Court of Marshall County for Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent/After Former Conviction of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Appellee's counsel made a motion in limine, which the trial court sustained, to forbid the State from presenting evidence of appellant's refusal to submit at the time she was arrested to a breathalyzer test to determine intoxication. The trial judge held 47 O.S.Supp.1984, § 756, which allows admission of such evidence, to be unconstitutional under Article II, Section 21 of the Oklahoma Constitution. We must determine whether the statute in question does violate this constitutional provision.

The basis of the district court's ruling was an understanding that this Court had held that Article II, § 21 of the Oklahoma Constitution gives broader protection against self-incrimination than does the Fifth Amendment to the United States Constitution. While it is true that at one point in time this Court held that our constitutional provision prohibiting compelled self-incrimination extended to nontestimonial evidence, see *Bailey v. City of Tulsa*, 491 P.2d 316 (Okl.Cr.1971), we have since retracted that ruling. In *State v. Thomason*, 538 P.2d 1080 (Okl.Cr.1975), this Court rejected the contention that Article II, Sec-

**338**

tion 21, which provides: "No person shall be compelled to give evidence which will tend to incriminate him," extended to evidence other than testimonial proof. This case overruled all of our decisions to the contrary.

We recognized in *Thomason* that such a position was not consonant with the common law privilege, which is the same protection which the Oklahoma Constitution grants. The common law forbids testimonial compulsion or its equivalent, but not the taking of real or physical evidence. *Id.* at 1086. Necessarily, we have since held that, "because a blood test is physical evidence rather than testimonial, a defendant's consent or lack thereof is not within the purview of Art. II, § 21, Oklahoma Constitution, or the Fifth Amendment of the United States Constitution." *Sartin v. State*, 617 P.2d 219, 221 (Okl.Cr.1980).

The issue that *Sartin* did not address, but which this Court confronted in *McCullick v. State*, 682 P.2d 235 (Okl.Cr.1984), was the question of the admissibility of a defendant's refusal to submit to a sobriety test. We held that in the absence of legislative enactment of such a sanction for a driver's failure to take a sobriety test, the evidence was not admissible. The only sanction provided by our statute was suspension of one's driving privileges for six months.

This Court looked to the case of *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), in considering the admissibility of evidence that a driver had refused a sobriety test. The Supreme Court held that South Dakota's statute allowing evidence of a refusal to be admitted did not violate the Fifth Amendment.

We noted in *McCullick* that the Oklahoma Legislature was considering a law similar to South Dakota's. The statute was subsequently amended to allow admission of evidence of one's refusal to take a sobriety test. Title 47 O.S.Supp.1984, § 756.

We hold that the statute meets constitutional muster according to both the Oklahoma and the United States Constitutions. As the Supreme Court noted in *Neville*, the right to refuse the test is a matter of legislative grace, the tests being unoffensive to the Fourth and Fifth Amendments. The legislature may legitimately permit evidence of refusing the test to be introduced at trial as a penalty. It is not an act coerced, and is not protected by the privilege against self-incrimination. *Neville*, 459 U.S. at 564, 103 S.Ct. at 922.

Oklahoma's constitutional provision does not grant any broader protections than the Fifth Amendment does, *Thomason*, supra, and we hold it is not offended by allowing use of evidence that a driver refused to take a sobriety test. Indeed, the use of sobriety tests does not implicate the constitutional protection against self-incrimination. *Sartin*, supra. It is a lawful penalty to use evidence that a driver refused such a sobriety test.

The appellee was acquitted on the charge at trial and is not now retriable. We do hold, however, that the trial court erred in sustaining the motion in limine.

We, therefore, reverse the trial court's order on a reserved question of law.

BRETT, P.J., concurs.

PARKS, J., concurs in results.