## OPINIONS OF THE JUSTICES.

### OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Self-incrimination, Breathalyzer test.   *Evidence*, Blood alcohol test, Breathalyzer test. *Motor Vehicle*, Operating under the influence.

Proposed legislation providing that, in a criminal proceeding, the defendant's failure or refusal to submit to a chemical test or analysis of his breath shall be admissible in evidence would have the effect of securing testimonial evidence, namely, that the defendant believed the results of the test would be unfavorable to him [1207-1209]; consequently, the legislation, if enacted, would violate the provision of art. 12 of the Massachusetts Declaration of Rights that no person shall "be compelled to accuse, or furnish evidence against himself" [1209-1211].

On May 12, 1992, the Justices submitted the following answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit their response to the question set forth in an order adopted by the Senate on February 4, 1992, and transmitted to this court on that day. The order recites that Senate No. 717, a bill pending before the General Court, entitled "An Act providing for the admissibility of the refusal to take a test for the chemical analysis of breath into evidence at criminal trials," provides that evidence that a defendant failed or refused to consent to a chemical test or analysis of his breath shall be admissible in a criminal proceeding and in certain actions by the Registrar of Motor Vehicles, and that grave doubt exists as to the constitutionality of the bill if enacted into law. The Act would amend G. L. c. 90, § 24 (1) (*e*) (1990 ed.), by striking out the second and third sentences and inserting in place thereof the following

sentence: "Evidence that the defendant failed or refused to consent to such a test or analysis shall not be admissible in a civil proceeding but shall be admissible in a criminal proceeding, and shall be admissible in any action by the registrar under paragraph (f)."

The order presents to us the following question:

"Would the provisions of Senate No. 717 which permits a defendant's failure or refusal to submit to a chemical test or analysis of his breath to be admissible as evidence in a criminal proceeding violate the self-incrimination clause of Article XII of Part the First of, the Constitution of the Commonwealth in that the defendant is therefore compelled to furnish evidence against himself?"

In *South Dakota* v. *Neville*, 459 U.S. 553, 564 (1983),[1] the United States Supreme Court held that the admission in evidence of a refusal to submit to a breathalyzer test does not offend the Fifth Amendment to the United States Constitution. We recognize that courts of other jurisdictions, both before and since *South Dakota* v. *Neville, supra,* have considered the issue under the Fifth Amendment or analogous sections of their respective State Constitutions.[2] There is no

---

[1]In *South Dakota* v. *Neville*, 459 U.S. 553, 560-561 (1983), the United States Supreme Court followed the reasoning in *People* v. *Sudduth*, 65 Cal. 2d 543 (1966), cert. denied, 389 U.S. 850 (1967), and *People* v. *Ellis*, 65 Cal. 2d 529 (1966). Before *Neville*, many jurisdictions followed the reasoning of those two cases. See *Hill* v. *State*, 366 So. 2d 318 (Ala. Crim. App. 1979); *Campbell* v. *Superior Court*, 106 Ariz. 542 (1971); *State* v. *Meints*, 189 Neb. 264 (1972); *People* v. *Thomas*, 46 N.Y.2d 100 (1978), appeal dismissed, 444 U.S. 891 (1979); *Westerville* v. *Cunningham*, 15 Ohio St. 2d 121 (1968); *Commonwealth* v. *Robinson*, 229 Pa. Super. 131 (1974). The *Sudduth* court reasoned that refusal to submit to a breathalyzer test is a physical act, not a communication, and therefore the refusal is not protected by the privilege. The *Ellis* court further explained that evidence of refusal to take a potentially incriminating test is similar to other circumstantial evidence of consciousness of guilt, such as escape from custody, false alibi, flight, and suppression of the evidence.

[2]The Fifth Amendment to the United States Constitution states: "No person . . . shall be compelled in any criminal case to be a witness against himself." In contrast, many State Constitutions protect a person from giv-

unanimity in their conclusions or their analytical approach to the issue. A majority of those courts has concluded, however, that the privilege against self-incrimination does not prohibit the introduction of evidence of a defendant's refusal to take a breathalyzer test. See *People* v. *Sudduth*, 65 Cal. 2d 543 (1966), cert. denied, 389 U.S. 850 (1967) (Federal); *Allen* v. *State*, 254 Ga. 433 (1985); *State* v. *Vietor*, 261 N.W.2d 828 (Iowa 1978); *State* v. *Cormier*, 127 N.H. 253 (1985); *State* v. *Tabisz*, 139 N.J. Super. 80 (1974); *People* v. *Thomas*, 46 N.Y.2d 100 (1978), appeal dismissed, 444 U.S. 891 (1979); *State* v. *Gardner*, 52 Or. App. 663 (1981) (Federal); *State* v. *Meints*, 189 Neb. 264 (1972) (Federal); *State* v. *Neasbitt*, 735 P.2d 337 (Okla. Crim. App. 1987) (State and Federal); *State* v. *Brean*, 136 Vt. 147 (1978) (State and Federal). See also Annot., Admissibility in Criminal Case of Evidence That Accused Refused to Take Test of Intoxication, 26 A.L.R.4th 1112, 1138-1139, 1144-1145 (1983 & Supp. 1991).

A minority of courts has deemed such refusal evidence inadmissible. See *State* v. *Anonymous*, 6 Conn. Cir. 470 (1971) (Federal); *State* v. *Munroe*, 22 Conn. Supp. 321 (1961) (State and Federal);[3] *Hovious* v. *Riley*, 403 S.W.2d 17 (Ky. Ct. App. 1966) (State and Federal; impermissible to comment on refusal); *State* v. *Andrews*, 297 Minn. 260 (1973), cert. denied, 419 U.S. 881 (1974) (Federal); *People* v. *Rodriguez*, 80 Misc. 2d 1060 (N.Y. Sup. Ct. 1975) (Federal); *State* v. *Adams*, 162 W. Va. 150 (1978) (Federal). At

---

ing evidence against himself. See, e.g., Alabama Const. art. 1, § 6; Arizona Const. art. 2, § 10; Connecticut Const. art. 1, § 8; Illinois Const. art. 1, § 10; Kentucky Const. § 11; Maine Const. art. 1, § 6; Mississippi Const. art. 3, § 26; Nebraska Const. art. 1, § 12; North Carolina Const. art. 1, § 23; Oklahoma Const. art. 2, §§ 21, 27; Pennsylvania Const. art. 1, § 9; Utah Const. art. 1, § 12.

[3]These two cases predate *South Dakota* v. *Neville*, and both analyzed the issue under the Federal constitutional privilege against self-incrimination. To date, the Supreme Court of Connecticut has not ruled on the admissibility of refusal evidence. The court, however, has said that there is no distinction between the State privilege against self-incrimination and the Federal privilege. *State* v. *Asherman*, 193 Conn. 695 (1984).

least two courts do not permit the refusal to be used to prove intoxication. See *State* v. *Pineau*, 491 A.2d 1165, 1167 (Me. 1985) (absence of test results admissible solely to explain absence and absence not considered on issue of intoxication); *State* v. *Willis*, 332 N.W.2d 180, 182 (Minn. 1983) (evidence of absence of test is admissible under Federal Constitution but no inference can be drawn from absence). Two courts have ruled that a refusal to submit to a field sobriety test is inadmissible. See *State* v. *Green*, 68 Or. App. 518, 524 (1984) (refusal to take field sobriety test inadmissible under State constitutional provision prohibiting compulsory self-incrimination, where there was no statutory or other legal requirement to take such test); *Farmer* v. *Commonwealth*, 10 Va. App. 175 (1990) (admission of refusal to submit to field sobriety test violates privilege under State Constitution). At least one court has upheld the admissibility of refusal evidence on a case-by-case basis. See *Williford* v. *State*, 653 P.2d 339, 342-343 (Alaska Ct. App. 1982) (evidence of breathalyzer refusal in judge's discretion, if relevant, probative, and not excessively prejudicial), rev'd on other grounds, 674 P.2d 1329 (Alaska 1983).

Most courts that have permitted the use of refusal evidence have employed the same rationale as that applied in *South Dakota* v. *Neville*, *supra*. They have reasoned that, since a person's breath constitutes real or physical evidence rather than testimonial or communicative evidence, a defendant has neither a State nor Federal constitutional right to refuse to take a breathalyzer test. In reaching this conclusion, the State courts have construed their constitutional provisions as coextensive with that of the Fifth Amendment and have applied general Fifth Amendment principles to refusal evidence. See *Hill* v. *State*, 366 So. 2d 318 (Ala. Crim. App. 1979); *State* v. *Neasbitt*, 735 P.2d 337 (Okla. Crim. App. 1987); *State* v. *Neville*, 346 N.W.2d 425 (S.D. 1984). See also *State* v. *Hoenscheid*, 374 N.W.2d 128, 130 (S.D. 1985) (refusal not testimonial; statute permitting admission of refusal evidence does not involve unconstitutional coercion). Some courts have concluded that the refusal is a physical act

and therefore not entitled to any privilege. See *Hill* v. *State*, *supra*; *People* v. *Sudduth*, 65 Cal. 2d 543 (1966). Others have concluded that the refusal is testimonial but, since it is not compelled or coerced, the refusal is admissible in evidence. See *State* v. *Neville, supra*. Still others choose not to decide whether refusal evidence is either testimonial or physical evidence. See *South Dakota* v. *Neville, supra* at 561-562. Instead they conclude that, since the right to refuse is granted by the statute, the Legislature may condition the exercise of that right by making the refusal admissible in a criminal proceeding. See *State* v. *Neasbitt, supra* (right to refuse matter of "legislative grace"; refusal not coerced therefore not protected by the privilege against self-incrimination under Federal and State Constitutions); *State* v. *Gardner, supra* at 669-670 (statutory right to refuse conditioned on admission of evidence of refusal in criminal cases upheld under Fifth Amendment); *State* v. *Hoenscheid, supra*; *State* v. *Brean, supra* at 151-152 (State may condition statutory right of refusal, therefore admission of refusal evidence does not violate privilege against self-incrimination under Federal and State Constitutions). See also *Coleman* v. *State*, 658 P.2d 1364 (Alaska Ct. App. 1923) (no constitutional right to refuse breathalyzer test, therefore refusal admissible under implied consent statute); *State* v. *Vietor, supra* (statute allowing admissibility of refusal upheld on Federal constitutional grounds; however, person has right to telephone attorney before deciding to submit to test); *State* v. *Meints, supra* (since statute provided that person gave consent to taking test, refusal to submit to test admissible in evidence).

The confused state of affairs on this issue is perhaps best illustrated by the decisions of the Supreme Court of Minnesota. See *State* v. *Willis*, 332 N.W.2d 180 (Minn. 1983); *State* v. *Schlinger*, 299 Minn. 212 (1974) (per curiam); and *State* v. *Andrews*, 297 Minn. 260 (1973). *Andrews* determined that the admission of refusal evidence violated both Federal and State constitutional rights and also concluded that refusal evidence was inadmissible because of the statu-

tory scheme involved. *Schlinger* declined to overrule *Andrews*, and determined it was reversible error for the trial judge to admit evidence that the defendant had refused to submit to chemical testing. *Willis* determined that evidence of the absence of the test is admissible as not violating the self-incrimination guarantees of the Federal Constitution; however, *Willis* did not expressly overrule *Andrews* or *Schlinger*. Nor did the court decide whether the admission of such evidence violated any State constitutional provision.

In spite of this disparity of treatment and result,[4] common to the analysis in all of these decisions is the understanding that the result turns on whether the evidence is testimonial or real (physical), and whether the evidence can be said to have been compelled in a constitutional sense.

Our Constitution adds an additional element not found in most other jurisdictions. Article 12 of the Declaration of Rights of the Massachusetts Constitution provides in part that no person shall "be compelled to accuse, or furnish evidence against himself."[5] We must examine, in addition,

---

[4]See, e.g., *State v. Severson*, 75 N.W.2d 316 (N.D. 1956) (statutory privilege to refuse, therefore refusal inadmissible); *Barron v. Covey*, 271 Wis. 10 (1955) (statute permits exclusion or admission of refusal and refusal evidence cannot be excluded on ground of violating State Constitution).

[5]Article 12 of the Declaration of Rights of the Massachusetts Constitution provides: "No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land. And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment, excepting for the government of the army and navy, without trial by jury."

New Hampshire adopted verbatim the privilege language of art. 12 into its Constitution. Part I, art. 15, of the Constitution of the State of New Hampshire provides: "No subject shall . . . be compelled to accuse or furnish evidence against himself." In 1985 the Supreme Court of New Hampshire held that the privilege against self-incrimination under art. 15 did not

therefore, whether our Constitution's prohibition of the use of evidence "furnish[ed]" by an accused has particular application to the proposed statute.

I. *The testimonial-real evidence distinction.* We begin our analysis by examining whether refusal evidence is testimonial or real. In addressing the question whether chemical tests of a person's breath for the presence of alcohol (breathalyzer test) were inadmissible because of art. 12, the court said: "We conclude that art. 12 of the Declaration of Rights applies only to evidence of a testimonial or communicative nature, and that neither a breathalyzer test nor field sobriety tests are communicative to the extent necessary to evoke the

---

preclude the admission of refusal evidence. *State* v. *Cormier*, 127 N.H. 253, 260 (1985) (per Souter, J., Batchelder and Brock, JJ., concurring specially).

The Maine Constitution has language similar to art. 12. Article 1, § 6, of the Maine Constitution states: "The accused shall not be compelled to furnish or give evidence against himself . . . ." This State constitutional protection against self-incrimination has been construed as equivalent to the protection under the Fifth Amendment. *State* v. *Vickers*, 309 A.2d 324 (Me. 1974). However, only the unavailability of test results has been deemed admissible; no evidentiary consideration of intoxication is permitted. *State* v. *Pineau*, 491 A.2d 1165 (Me. 1985).

The following are examples of similar State constitutional provisions:

Article 1, § 7, of the Minnesota Constitution provides: "No person shall be . . . compelled in any criminal case to be a witness against himself . . . ."

Article 1, § 12, of the Nebraska Constitution states: "No person shall be compelled, in any criminal case, to give evidence against himself . . . ."

Article 1, § 6, of the New York Constitution states:

"[N]or shall he be compelled in any criminal case to be a witness against himself."

Article 2, § 21, of the Oklahoma Constitution provides: "No person shall be compelled to give evidence which will tend to incriminate him . . . ."

Article 6, § 9, of the South Dakota Constitution states: "No person shall be compelled in any criminal case to give evidence against himself . . . ."

Article 3, § 5, of the West Virginia Constitution states: "[N]or shall any person, in any criminal case, be compelled to be a witness against himself."

privilege." *Commonwealth* v. *Brennan*, 386 Mass. 772, 783 (1982).[6]

Although the privilege against self-incrimination under art. 12 is broad, it protects only against the compulsion of communications or testimony and not against the production of real or physical evidence, such as fingerprints, photographs, lineups, blood samples, handwriting, and voice exemplars. *Commonwealth* v. *Brennan*, *supra* at 776, 780. By contrast, testimonial evidence which reveals a person's knowledge or thoughts concerning some fact is protected. *Id.* at 778.

The distinction between real or physical evidence and testimonial or communicative evidence is not easily made in every case. Courts which have concluded that refusal evidence was not testimonial have done so by justifying its relevance on an issue not essential to the prosecution's case, see *State* v. *Pineau*, 491 A.2d 1165 (Me. 1985); *State* v. *Willis*, 332 N.W.2d 180 (Minn. 1983), to explain the lack of test result evidence, or by concluding that the refusal evidence may be introduced because test results are admissible; *Hill* v.

---

[6]See *Commonwealth* v. *Davidson*, 27 Mass. App. Ct. 846, 848 (1989) ("Where there is probable cause to believe that a defendant has been operating a vehicle while under the influence of intoxicating liquor, the defendant has no constitutional right to refuse a blood test or a breathalyzer test"). Acting on this principle, courts, here and in other jurisdictions, have approved some measures to compel drivers to submit to a breath test. One form of compulsion that has been upheld as not offending the privileges against self-incrimination in art. 12 and the Fifth Amendment is the mandatory loss of license for the refusal of a person to submit to such a test under G. L. c. 90, § 24 (1) (*f*) (1990 ed.). *Commonwealth* v. *Brennan*, 386 Mass. 772, 783 (1982). See *Mackey* v. *Montrym*, 443 U.S. 1 (1979). See also *Commonwealth* v. *Brazelton*, 404 Mass. 783 (1989).

Under the present statutory scheme, a person must be advised that his consent is required before a test may be administered and that, if he refuses, his license is automatically suspended for 120 days. G. L. c. 90, § 24 (1) (*e*) and (*f*). The statutory provision requiring actual consent reflects a legislative intent to avoid forced testing. *Commonwealth* v. *Davidson*, *supra* at 849. Indeed, the automatic 120-day suspension of a driver's license for refusing subjects a person to coercive pressure to take the test. The proposed amendment seeks to add to that pressure by allowing the admission in evidence of the refusal as a penalty for the refusal.

*State*, 366 So. 2d 318 (Ala. Crim. App. 1979). It does not logically follow, however, that, because test results are not testimonial, refusal evidence falls in the same category. In the ordinary case a prosecutor would seek to introduce refusal evidence to show, and would argue if permitted, that a defendant's refusal is the equivalent of his statement, "I have had so much to drink that I know or at least suspect that I am unable to pass the test." See *Williford* v. *State*, 653 P.2d 339, 342-343 (Alaska Ct. App. 1982). An involuntary statement to that effect by the defendant could not be used against him. At common law out-of-court conduct, which by intent or inference expresses an assertion, has been regarded as a statement and therefore hearsay if offered to prove the truth of the matter asserted. See *Bartlett* v. *Emerson*, 7 Gray 174 (1856) (act of pointing out boundary marker inadmissible hearsay); P.J. Liacos, Massachusetts Evidence 281 (5th ed. 1981) (implied admissions by conduct). See also K.B. Hughes, Evidence § 456, at 611 (1961) (hearsay limited to oral or written declarations and acts intended to be communicative when offered to prove truth of matter asserted). It follows, therefore, that evidence of a person's thought process, if offered to show that the person had doubts about his ability to pass the test, would be testimonial. Based on this analysis, evidence of a refusal to submit to a requested breathalyzer test is testimonial in nature. We thus turn to the question whether the proposed legislation fails because it would compel a defendant to "accuse, or furnish evidence against himself."

II. *Protection under art. 12.* In explaining the relevant language of art. 12, the Supreme Judicial Court has said:

> "[This clause] forbids that [a person] should be compelled to accuse himself. By the narrowest construction, this prohibition extends to all investigations of an inquisitorial nature, instituted for the purpose of discovering crime, or the perpetrators of crime, by putting suspected parties upon their examination in respect

thereto, *in any manner*; although not in the course of any pending prosecution.

"But it is not even thus limited. The principle applies equally to any compulsory disclosure of his guilt by the offender himself, whether sought directly as the object of the inquiry, or indirectly and incidentally for the purpose of establishing facts involved in an issue between other parties." (Emphasis supplied.) *Emery's Case*, 107 Mass. 172, 181 (1871).

In regard to the phrase "or furnish evidence against himself," the court said: "The third branch of the provision in the Constitution of Massachusetts, 'or furnish evidence against himself,' must be equally extensive in its application; and, in its interpretation, may be presumed to be intended to add something to the significance of that which precedes. Aside from this consideration, and upon the language of the proposition standing by itself, it is a reasonable construction to hold that it protects a person from being compelled to disclose the circumstances of his offence, the sources from which, or the means by which evidence of its commission, or of his connection with it, may be obtained, or made effectual for his conviction, without using his answers as direct admissions against him." *Emery's Case*, *supra* at 182.

In reliance on this difference in the phraseology between the Massachusetts Constitution and the Fifth Amendment, the court has said, "We have consistently held that art. 12 requires a broader interpretation than that of the Fifth Amendment." *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 796 (1982). The court has therefore concluded that a witness cannot be compelled to produce records not protected by the Fifth Amendment because "the act of production, quite apart from the content of that which is produced," is in itself communicative, and, therefore, information that is reflective of the knowledge, understanding, and thoughts of a witness within the ambit of art. 12. *Commonwealth* v. *Doe*, 405 Mass. 676, 679 (1989). *Commonwealth* v. *Hughes*, 380 Mass. 583, cert. denied, 449 U.S. 900 (1980). As we have

stated above, if refusal evidence has relevance to any issue essential to the prosecution's case, it is because it is reflective of the knowledge, understanding, and thought process of the accused.

Some courts have reasoned that refusal evidence may be used because their analogous statutes do not compel refusal, but rather seek only to encourage taking the test. Such statutes do, however, compel the accused to choose between taking the test and incurring a penalty. There is compulsion, therefore, on the accused to choose between two alternatives, both of which are capable of producing evidence against him. The proposed statute, therefore, uses the threat of adverse testimonial evidence as a coercive tool to compel submission to a breathalyzer test. The accused is thus placed in a "Catch-22" situation: take the test and perhaps produce potentially incriminating real evidence; refuse and have adverse testimonial evidence used against him at trial. Although some have said that the act of refusal is not a self-accusation, *South Dakota v. Neville*, 459 U.S. 553, 561 n.11, 562 n.13 (1983), in our view it is simply wrong to conclude that refusal evidence used in the manner proposed is not evidence furnished by the accused. Therefore, such refusal evidence is both compelled and furnishes evidence against oneself. The proposed statute therefore would violate the privilege against self-incrimination of art. 12. Accordingly, our answer to the question is, "Yes."

The foregoing opinion and answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the 12th day of May, 1992.

> PAUL J. LIACOS
> HERBERT P. WILKINS
> RUTH I. ABRAMS
> JOSEPH R. NOLAN
> NEIL L. LYNCH
> FRANCIS P. O'CONNOR
> JOHN M. GREANEY