867 P.2d 1214

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Yvonne K. WRIGHT, Defendant–
Appellant.**

No. 14349.

Court of Appeals of New Mexico.

Dec. 8, 1993.

Certiorari Denied Jan. 19, 1994.

Tom Udall, Atty. Gen., Mary Catherine McCulloch, Asst. Atty. Gen., Daniel F. Haft, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Michael T. Garrett, Clovis, for defendant-appellant.

*OPINION*

APODACA, Judge.

Defendant appeals her conviction for driving while under the influence of intoxicating liquor (DWI) under NMSA 1978, Section 66–8–102 (effective until January 1, 1994) (Cum. Supp.1993). She does not appeal her convictions for careless driving in violation of NMSA 1978, Section 66–8–114 (Repl. Pamp.1987), and for having an open container of alcoholic beverage in a motor vehicle under NMSA 1978, Section 66–8–138 (Cum. Supp.1993), arising out of the same incident. She argues that the trial court's admission of evidence of her refusal to take a field sobriety test violated her right to be free from self-incrimination under the Fifth Amendment of the United States Constitution and Article II, Section 15, of the New Mexico Constitution. Defendant expressly abandoned an additional issue raised in the docketing statement. We hold that Defendant's right to be free from self-incrimination was not violated and therefore affirm her conviction.

**FACTS**

Defendant was involved in a traffic accident when the car she was driving struck the rear of another vehicle. She stayed in her vehicle following the accident. The driver of the other vehicle approached Defendant to speak with her. He testified at trial that, when conversing with Defendant, he smelled alcohol on her breath and her speech was slurred.

Police Officer Robert Morgan testified that, when he first spoke with Defendant at the scene, he detected a strong odor of alcohol on her breath. He also stated that she was slow to respond to his questions and that her eyes were "very bloodshot." Police Officer Scott Cole testified that he also detected a strong odor of alcohol coming from Defendant. Both officers expressed the opinion that Defendant was under the influence of intoxicating liquor at the time of the accident.

Based upon the officers' observations, Defendant was asked to take a field sobriety test. Defendant stated that she would be embarrassed to take the test in front of everyone at the accident scene, and she refused to do so. She was then arrested and read her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After being told she was under

arrest, Defendant expressed concern for her purse located in her vehicle. When Officer Morgan reached into the vehicle to retrieve the purse, he discovered an open, half-full can of beer.

Booking Officer Sandy Morrison, who was on duty at the time Defendant was brought to the detention center, testified that, when Defendant was brought to the detention center, she smelled of alcohol, her speech was slurred, and she was unsteady on her feet. Officer Morrison also testified that, in her opinion, Defendant was under the influence of intoxicating liquor. Following Defendant's arrival at the detention center, Officer Cole asked her to take a breath-alcohol test. Defendant initially agreed to take the test and then refused.

At trial, Defendant admitted that she had been drinking just before the accident and that she had an open container of beer in her car. She testified that she had consumed only one beer before opening and drinking from the can of beer found in her vehicle. Defendant also testified that, as a result of the accident, she had broken three ribs and injured her legs so that she was not physically able to be tested, and that was why she refused to take the field sobriety test. When asked why she had not sought medical attention for her injuries at the time of the accident, Defendant stated that she hesitated to seek hospital services because she lacked insurance. Defendant also testified that she had requested a blood-alcohol test at the accident scene and at the detention center, but she was told that she had to take the breath-alcohol test first and only then would she be allowed to get a blood-alcohol test at her own expense.

## DISCUSSION

Defendant argues that the admission of evidence concerning her refusal to take a field sobriety test violated her right to be free from self-incrimination under the Fifth Amendment of the United States Constitution and Article II, Section 15, of the New Mexico Constitution.

Most courts considering the issue before us have determined that admitting evidence of a refusal to submit either to a breath-alcohol or field sobriety test does not violate the privilege against self-incrimination. *See Opinion of Justices to Senate*, 412 Mass. 1201, 591 N.E.2d 1073 (1992) (providing a comprehensive survey of authority on the question of admission of refusal evidence); Jay M. Zitter, Annotation, *Admissibility in Criminal Case of Evidence That Accused Refused to Take Test of Intoxication*, 26 A.L.R. 4th 1112 (1983 & Supp.1993); Donald H. Nichols, *Drinking/Driving Litigation* § 12:04 (1993 & Cum.Supp.Spring 1993).

Four jurisdictions have specifically addressed this issue within the context of a refusal to submit to a field sobriety test. *See State v. Washington*, 498 So.2d 136 (La.Ct. App.1986); *State v. Green*, 68 Or.App. 518, 684 P.2d 575 (Or.Ct.App.), *review denied*, 297 Or. 601, 687 P.2d 795, *overruled on other grounds by State v. Panichello*, 71 Or.App. 519, 692 P.2d 720 (Or.Ct.App.1984); *State v. Hoenscheid*, 374 N.W.2d 128 (S.D.1985); *Farmer v. Commonwealth*, 12 Va.App. 337, 404 S.E.2d 371 (Va.Ct.App.1991) (en banc); *see also* 4 Richard E. Erwin, *Defense of Drunk Driving Cases* § 31.03[7] (3d ed. 1993).

Much of the authority on the admissibility of refusal evidence addresses the question in the context of both the federal constitution and applicable state constitutions. On appeal, Defendant also contends that her rights under both the federal and New Mexico constitutions were violated. However, because at trial Defendant argued only generally that admission of the evidence violated her right against self-incrimination, we question whether Defendant adequately preserved the issue concerning the breadth of Article II, Section 15, of the New Mexico Constitution for review. *See State v. Montoya*, 861 P.2d 978 (N.M.Ct.App.1993) (assertion at trial that state constitutional provision affords protection different than that provided by federal constitution required to preserve question of whether state constitution provides independent basis for reversal); *State v. Sutton*, 112 N.M. 449, 454, 816 P.2d 518, 523 (Ct.App.) (mere mention of state constitution, without specific reference to the scope of its protection, is insufficient to preserve error), *cert. denied*, 112 N.M. 308, 815 P.2d 161 (1991). We recognize that a general argument in the

trial court against the admissibility of evidence on self-incrimination grounds might be considered sufficient to trigger state constitutional implications. But even so, that is not all that is required on appeal. Even assuming that the issue was preserved to argue a state constitutional basis on appeal, Defendant has failed to present any argument to us showing that Article II, Section 15, of the New Mexico Constitution offers greater protection than the Fifth Amendment of the federal constitution. We therefore assume that the protection under both constitutions is the same.

In *South Dakota v. Neville*, 459 U.S. 553, 564, 103 S.Ct. 916, 922, 74 L.Ed.2d 748 (1983), the United States Supreme Court held that the admission of evidence of a defendant's refusal to take a breath-alcohol test did not violate the right against self-incrimination afforded under the Fifth Amendment. The Court reasoned that the evidence was admissible because the act of refusing to submit to the test did not involve impermissible coercion. *Id.* at 561–62, 103 S.Ct. at 921. The Court stated:

> [T]he values behind the Fifth Amendment are not hindered when the State offers a suspect the choice of submitting to the blood-alcohol test or having his refusal used against him. The simple blood-alcohol test is so safe, painless, and commonplace, that respondent concedes, as he must, that the State could legitimately compel the suspect, against his will, to accede to the test. Given, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no *less* legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice. Nor is this a case where the State has subtly coerced respondent into choosing the option it had no right to compel, rather than offering a true choice. To the contrary, the State wants respondent to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test is far stronger than that arising from a refusal to take the test.

*Id.* at 563–64, 103 S.Ct. at 922 (citation omitted).

Defendant argues that *Neville* is not controlling because it involved admission of evidence under a state's "implied consent" law, just as the admission of a refusal to take a breath-alcohol test is covered under New Mexico's Implied Consent Act, NMSA 1978, §§ 66–8–105 to –112 (Repl.Pamp.1987 & Cum.Supp.1993). Specifically, Defendant asserts that a refusal to submit to a field sobriety test is not the same as a refusal to submit to a breath-alcohol test because, while the latter situation is governed by an "implied consent" law that permits the State to introduce evidence of such a refusal at trial, no such provision applies to the refusal of a field sobriety test. Defendant's contention is without merit. As *Neville* states, a defendant's statements refusing to submit to reasonable physical evidence tests are admissible because they are not the product of impermissible coercion, not because statutes authorize their admission. *Neville*, 459 U.S. at 561–62, 103 S.Ct. at 921; *see Pennsylvania v. Muniz*, 496 U.S. 582, 604 n. 19, 110 S.Ct. 2638, 2651 n. 19, 110 L.Ed.2d 528 (1990) (paraphrasing *Neville* holding).

Although only a few jurisdictions have addressed the admissibility of refusal evidence in the field sobriety-test context, most courts considering the issue have held that admitting such evidence does not violate the Fifth Amendment. *See Washington*, 498 So.2d at 138; *Hoenscheid*, 374 N.W.2d at 130 (evidence of a refusal to perform tests that do not themselves constitute communicative or testimonial evidence is admissible); *Farmer*, 404 S.E.2d at 372–73 (stating that the court sees no reason to distinguish between a refusal to submit to a blood test and a refusal to submit to a field sobriety test for determining what constitutes testimony or compulsion in the context of the right against self-incrimination). *But cf. Green*, 684 P.2d at 577–79 (decided on state constitutional grounds). Of the numerous jurisdictions that have addressed whether evidence of a defendant's refusal to take a breath-alcohol test is admissible, the majority have ruled that the

evidence is admissible. *See Opinion of Justices,* 591 N.E.2d at 1074; Zitter, *supra,* at 1138–46; Nichols, *supra,* at § 12:03; Erwin, *supra,* at § 31.04, –.05[2] ("trend is clearly toward admissibility of refusal evidence").

Even before the United States Supreme Court decided *Neville,* our own Supreme Court had held that evidence of a refusal to take a breath-alcohol test is admissible, thus aligning our case law with that of the majority of jurisdictions. *See McKay v. Davis,* 99 N.M. 29, 653 P.2d 860 (1982). In *McKay,* a defendant who was arrested for DWI refused to take a breath-alcohol test. *Id.* The defendant obtained a writ from the district court excluding from the metropolitan court proceeding any evidence of the refusal. *Id.* at 30, 653 P.2d at 861. The State appealed the district court's ruling to our Supreme Court, where, among other arguments, it asserted that evidence of the defendant's refusal was not barred by the Fifth Amendment of the United States Constitution. *Id.* at 31–32, 653 P.2d at 862–63. Our Supreme Court agreed and reversed the district court's order prohibiting the introduction of evidence related to the defendant's refusal to take the breath-alcohol test. *Id.* at 32, 653 P.2d at 863.

The reasoning of *McKay* is as applicable to the admission of a defendant's refusal to take a field sobriety test as it is to evidence of a refusal to take a breath-alcohol test. Although not specifying whether its ruling was limited to consideration of the protection afforded by the federal constitution, our Supreme Court agreed with the State that the Fifth Amendment was not applicable to the evidence at issue. First, relying on *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the Court stated that there is no constitutional right to refuse to take a breath-alcohol test. *McKay,* 99 N.M. at 31, 653 P.2d at 862. Second, *McKay* stated that " 'a refusal to take a blood test is not a testimonial "statement" within the Fifth Amendment; rather, it is best described as conduct indicating a consciousness of guilt.' " *Id.* (quoting from *Newhouse v. Misterly,* 415 F.2d 514, 518 (9th Cir.1969),

cert. *denied,* 397 U.S. 966, 90 S.Ct. 1001, 25 L.Ed.2d 258 (1970)). Third, the Court reasoned that, "because there is no constitutional right to refuse, any testimony about the refusal to submit does not burden the [F]ifth [A]mendment." *McKay,* 99 N.M. at 31, 653 P.2d at 862. Therefore, "[the defendant's] act of refusal merely exposes him to the drawing of inferences, just as does any other act." *Id.* (citation omitted).

Defendant argues that *Neville* and *McKay* are not controlling because, she contends, they relied upon the existence of state implied consent laws requiring defendants to submit to breath-alcohol tests and there is no similar law implying consent to taking a field sobriety test. Defendant misreads the holdings of *Neville* and *McKay.* As previously noted, *Neville* reasoned that evidence of a defendant's refusal to submit to the breath-alcohol test was admissible because it was not the result of impermissible coercion, not because statutes authorized the admission. *Neville,* 459 U.S. at 561–62, 103 S.Ct. at 921. Similarly, although *McKay* rejected the defendant's contention that New Mexico's Implied Consent Act created a statutory right to refuse to submit to a breath-alcohol test, *McKay,* 99 N.M. at 30–31, 653 P.2d at 861–62, its holding on the Fifth Amendment issue did not rely on the existence of the Implied Consent Act. *Id.* at 31–32, 653 P.2d at 862–63. We see no meaningful distinction between evidence of a defendant's refusal to take a breath-alcohol test and evidence of a refusal to take a field sobriety test. A person's responses to a field sobriety test are, at least for the most part, not testimonial. *See Muniz,* 496 U.S. at 592, 110 S.Ct. at 2645. Thus, for Fifth Amendment purposes a breath-alcohol test and a field sobriety test should not be distinguished. The reasoning of *McKay* and *Neville* is therefore fully applicable to the issue of the admissibility of a refusal to take a field sobriety test. *See Farmer,* 404 S.E.2d at 373 (seeing no reason to distinguish between refusal to take breath-alcohol test and refusal to take field sobriety test). Applying that reasoning, we hold that Defendant's right to be free of self-incrimina-

tion was not violated by admission of the evidence that she refused to take a field sobriety test.

## CONCLUSION

We hold that the admission of evidence relating to Defendant's refusal to take a field sobriety test did not violate the Fifth Amendment or Article II, Section 15, of the New Mexico Constitution. We affirm Defendant's conviction.

**IT IS SO ORDERED.**

ALARID and HARTZ, JJ., concur.