COMMONWEALTH *vs.* MICHAEL L. GRENIER.

No. 97-P-1032.

Barnstable. December 19, 1997. - June 12, 1998.

Present: WARNER, C.J., PERRETTA, & BECK, JJ.

*Evidence,* Relevancy and materiality, Intoxication, Field sobriety test. *Constitutional Law,* Self-incrimination. *Motor Vehicle,* Operating under the influence.

At the trial of a complaint for operating a motor vehicle while under the influence of alcohol, the judge did not abuse his discretion in admitting in evidence statements of the defendant made during booking that were relevant to the issue of intoxication and that were not prejudicial. [58-59]

At the trial of a complaint for operating a motor vehicle while under the influence of alcohol, the judge erred in admitting statements of the defendant regarding the sobriety test the police officer was attempting to administer that were the equivalent of a refusal to perform the test: a new trial was required where the evidence was not harmless beyond a reasonable doubt. [60-62]

COMPLAINT received and sworn to in the Barnstable Division of the District Court Department on August 12, 1996.

The case was tried before *Kevan J. Cunningham,* J.

*Elaine Smagacz* for the defendant.

*Linda A. Wagner,* Assistant District Attorney, for the Commonwealth.

BECK, J. The defendant appeals from his conviction of operating a motor vehicle while under the influence of alcohol. He claims that there were two crucial errors in his trial. First, he argues the judge abused his discretion in admitting evidence that during the booking process the defendant "made a statement about murdering a police officer [who] at one time . . . had pulled him over." Second, he claims the judge erred in denying his motion in limine seeking to exclude testimonial evidence regarding his decision not to perform a field sobriety test. As to the first issue, there was no abuse of discretion.

Although the defendant's brief refers to "incriminating statements," we think in context it was clear that the statement about murdering another police officer was obviously not true but was simply part of the defendant's "belligerent, confrontational" attitude during the booking process. (The defendant also stuck his tongue out at the camera during attempts to take a booking photograph.) The evidence was relevant to the issue of intoxication and was not, as the defendant argues, "unlawfully prejudicial." As to the second issue, however, despite the judge's obviously conscientious consideration of the issue, we agree with the defendant that his statements concerning the sobriety test were the equivalent of a refusal and therefore inadmissible under *Commonwealth* v. *McGrail*, 419 Mass. 774 (1995), which prohibits the admission of sobriety test refusals.

Prior to trial, the defendant filed a motion in limine seeking to exclude statements he made concerning a police request that he perform the one-legged-stand field sobriety test. Apparently attached to the motion were a marked portion of the arresting officer's report and a copy of *Commonwealth* v. *McGrail*. Although the record appendix does not include a copy of the motion or the attached police report, see Mass.R.A.P. 18(a), 378 Mass. 940 (1979) (record appendix shall contain "any paper filed in the case relating to an issue which is to be argued on appeal"), we assume that the report matched the testimony as it came out at trial, particularly since the officer used the report to refresh his memory during his testimony. Neither the defendant nor the Commonwealth argues otherwise; the Commonwealth briefed and argued the issue without disputing the facts.

As introduced at trial, the evidence relevant to the motion in limine was as follows. Shortly after midnight on August 10, 1996, Yarmouth police officer Patrick Carty noticed a car "weaving noticeably within its lane of travel. [The car] crossed over the yellow center strip line on one occasion and came close to doing so again on another occasion over a distance of approximately one and one-half miles." Officer Carty signaled the car to pull over, and the car stopped. The officer asked the defendant, who was driving, for his license and registration. The defendant produced the requested documents, claimed that the vehicle behind him was tailgating him, and asked why the officer had not stopped the tailgating offender. The officer noticed that the driver "had a strong odor of an alcoholic beverage coming from his breath. His eyes were red, bloodshot, and

glassy." Following the officer's request, the defendant got out of the car and walked to a place on the edge of the road between the rear of the defendant's car and the front of the police cruiser, where he recited the alphabet "slowly and deliberately." "It seemed like he had to think about [it] while he was . . . reciting it."

Next, the officer asked the defendant "to perform a one-legged-stand balance test." The officer described the test and demonstrated for the defendant. The defendant "asked [the officer] if [he] wanted him to perform the test on the white fog line which is painted on the side of the roadway. And [the police officer] said no, that he could just perform it in the space between the two vehicles." "[The defendant] stated that he could not do the test and that [the officer] was trained to do the test." The officer then told the defendant that he had a choice about whether to do the test or not. The defendant responded that "if he did the test and failed that [the officer] would arrest him and that if he didn't perform the test, [the officer] would arrest him." When the officer confirmed the defendant's analysis of the situation, the defendant said, "Take me." The defendant was then arrested.

Upon receiving the motion in limine, the judge reviewed the motion, read the police report, heard argument from counsel, and reviewed *Commonwealth* v. *McGrail, supra.* He concluded that the defendant's statements "did not rise to the level of a refusal. It appeared that it was more of a negotiation . . . . [T]he defendant stated that he could not do it as opposed to his refusal to do so. So . . . where he performed the first test, the alphabet test, . . . it was not an outright refusal. If anything it rises to the level of negotiating with the police officer; and . . . it's admissible under *McGrail.*"

On appeal, the defendant argues that his analysis of his options was the equivalent of a refusal and that therefore the admission of his statements violated his privilege against incrimination under art. 12 of the Massachusetts Declaration of Rights. The Commonwealth argues the judge was correct in ruling that the defendant's statements constituted negotiation rather than a refusal. The Commonwealth characterizes the judge's rulings as findings of fact, which we must accept "absent palpable error," citing *Commonwealth* v. *Otsuki,* 411 Mass. 218, 233 (1991).

Although "the appropriate methodology for distinguishing

questions of fact from questions of law has been, to say the least, elusive," *Miller* v. *Fenton*, 474 U.S. 104, 113 (1985), we think the judge's determinations were legal conclusions drawn from the facts set out in the police report attached to the motion in limine. "[W]here the ultimate findings and rulings bear on issues of constitutional dimension, they are open for review. Our appellate function requires that we make our own independent determination on the correctness of the judge's 'application of constitutional principles to the facts as found . . . .' " *Commonwealth* v. *Haas*, 373 Mass. 545, 550 (1977), quoting from *Brewer* v. *Williams*, 430 U.S. 387, 403 (1977). Applying the principles of *McGrail* to the facts of this case, we think the defendant's statements constituted a refusal and were therefore inadmissible.

To be sure, in *McGrail*, "[t]he defendant stated that '[he was] not going to do *any* tests.' " 419 Mass. at 776 (emphasis supplied), whereas here the defendant recited the alphabet as requested, said that he could not do the one-legged-stand test, cited his lack of training to do the test, laid out his options and their consequences, and conceded arrest. However, we conclude these statements were the equivalent of a refusal.

Indeed, the defendant, even in his allegedly inebriated state, clearly articulated the very dilemma highlighted in *Commonwealth* v. *McGrail*: "[a]llowing . . . refusal evidence to be admissible at trial . . . compel[s] defendants to choose between two equally unattractive alternatives: 'take the test and perhaps produce potentially incriminating real evidence; refuse and have adverse testimonial evidence used against him at trial.' " 419 Mass. at 780, citing *Opinion of the Justices*, 412 Mass. 1201, 1211 (1992). In *McGrail*, the court concluded that "evidence of the defendant's refusal to submit to a field sobriety test constitutes testimonial or communicative evidence," 419 Mass. at 778, following the court's earlier *Opinion of the Justices* that admission of a defendant's refusal to take a breathalyzer test "is the equivalent of his statement, 'I have had so much to drink that I know or least suspect that I am unable to pass the test.' " 412 Mass. at 1209. Here the defendant explicitly stated that he was unable to pass the test. Although he offered the excuse that he was not trained to do the test, the jury would have been warranted in inferring that he thought he could not do the test because he had had too much to drink. "[T]estimonial evidence which reveals a person's knowledge or thoughts

concerning some fact is protected." *Opinion of the Justices*, 412 Mass. at 1208, citing *Commonwealth* v. *Brennan*, 386 Mass. 772, 778 (1982). See *Commonwealth* v. *Lydon*, 413 Mass. 309, 313-314 (1992) (evidence that defendant refused to have his hands swabbed inadmissible to show consciousness of guilt); *Commonwealth* v. *Hinckley*, 422 Mass. 261 (1996) (refusal to turn over sneakers inadmissible to suggest consciousness of guilt). The defendant's statements should not have been admitted.

Having preserved the issue by repeating his objection at trial, *Commonwealth* v. *Keniston*, 423 Mass. 304, 308 (1996), the defendant is entitled to a new trial. We are not persuaded that the admission of the evidence was harmless beyond a reasonable doubt. *Commonwealth* v. *Perrot*, 407 Mass. 539, 548-549 (1990). Although the Commonwealth did not include the sobriety test statements in its opening and appears not to have stressed the issue in its closing (the transcript does not include the entire closing), the other evidence of intoxication at the scene, including the allegedly impaired driving, was not overwhelming.

*Judgment reversed.*

*Verdict set aside.*