## Commonwealth *vs.* Roderick Powell.

No. 07-P-498.

Berkshire. April 10, 2008. - June 11, 2008.

Present: Gelinas, Vuono, & Fecteau, JJ.

*Breaking and Entering. Larceny. Identification. Practice, Criminal,* Motion to suppress, Trial jury-waived, Identification of defendant in courtroom, Assistance of counsel. *Evidence,* Identification. *Constitutional Law,* Identification. *Due Process of Law,* Identification.

No substantial risk of a miscarriage of justice arose from the District Court judge's denial, without an evidentiary hearing, of the criminal defendant's motion to suppress evidence of an out-of-court identification, where the defendant did not present circumstances that provided a basis for concluding that the identification procedure was unnecessarily suggestive, and where the suggestive circumstances did not arise from police activity [25-27]; further, the conflation of the hearing on the motion to suppress and the jury-waived trial itself (to which the defendant apparently assented), while not the preferred procedure, did not cause a substantial risk of a miscarriage of justice [27-29].

At a criminal trial, the defendant's counsel was not ineffective for failing to object to the admission of a hearsay statement, where the judge, sitting jury-waived, properly instructed himself as to the rules of evidence and did not rely on the hearsay. [29-30]

The judge at a criminal trial did not exceed the proper exercise and scope of his discretion in questioning a witness. [30]

There was no merit to the criminal defendant's claim that he was denied due process when the judge allegedly permitted a witness to identify the defendant in court primarily through his race, where the record demonstrated that the judge refused to admit the allegedly improper identification. [30-31]

Complaint received and sworn to in the Northern Berkshire Division of the District Court Department on August 23, 2006.

A pretrial motion to suppress evidence was heard by *Fredric D. Rutberg,* J., and the case was also heard by him.

*Terence McGinty* for the defendant.

*James F. Petersen,* Assistant District Attorney, for the Commonwealth.

FECTEAU, J. The defendant appeals from convictions in the District Court of breaking and entering into a building and larceny under $250. He argues that the procedure used by the judge in combining a hearing on his motion to suppress his identification by a witness with the jury-waived trial on the merits deprived him of due process of law. The defendant also complains of ineffective assistance of counsel with respect to the admission of hearsay and, lastly, challenges the propriety of the witness's alleged in-court identification of him.[1] For the following reasons, we affirm the convictions.

Early on the morning of August 23, 2006, at approximately 5:20 A.M., while taking her usual morning walk with her husband, Jackie Andrews saw a person climbing out a window of the Gateway Chevrolet automobile dealership on Union Street in North Adams. Although it was still dark, the scene was illuminated by street and parking lot lighting and the witness was only about four car lengths away. While her husband called the police on his cellular telephone, she continued to watch this person, seeing him walking and then running on Union Street. She noticed that the person was wearing distinctive outer clothing, a white hat and teal-colored jacket.

The witness and her husband subsequently flagged down Officer Mantello, who was responding to the scene. The witness gave a description of the person and indicated his direction of flight. Officer Mantello radioed the information to officers in the area. Officer Randall, who had also responded, testified that he saw someone who fit this description on the street a short distance away and detained him. He pat frisked the suspect, the defendant, and engaged him in conversation. Officer Mantello arrived shortly thereafter, and the two officers directed the defendant to empty the contents of his pockets onto the cruiser.[2]

Meanwhile, the witness and her husband had resumed their walk and came upon the two officers standing at the rear of a

[1]The defendant had additionally argued in his brief that the waiver of his right to a jury trial was invalid because it was made without proper judicial colloquy, but appropriately conceded the issue at oral argument given the supplemental record that had been filed by the Commonwealth, which showed that the judge had conducted such a colloquy.

[2]At the defendant's trial, those contents were identified as objects that were taken from the dealership.

cruiser with the defendant. The witness recognized him as the person she saw climbing out the dealership window and identified him as such when asked by Officer Mantello. This was, by her estimation, five to ten minutes after her initial observation and "[m]aybe half a mile" away. Later, during the trial, the witness could not identify the defendant as the person she had seen climbing out the window, but she did reaffirm that the person she saw with the police that morning was the same person she saw in the window. The officers identified the defendant as the person the witness identified to them on the street that morning.

This matter was the subject of a pretrial hearing on December 8, 2006, a couple of weeks before trial, wherein the issue of the admissibility of the one-on-one show-up was discussed.[3] The judge suggested at that time that a motion to suppress was the preferred vehicle to challenge the admissibility of the identification. He then stated that, since the trial was to be jury-waived, a hearing on such a motion could coincide with the trial on the merits, to which suggestion trial counsel said, "That's what I was thinking." No objection to this combined procedure was lodged then or on December 26, 2006, the day of the trial.[4] The motion, affidavit, and memorandum on the defendant's motion to suppress were apparently filed on that day.

The proceedings began with defense counsel making argument on the motion to suppress, followed by that of the prosecutor; during this latter statement, the trial judge suggested that the trial should begin and he would reserve judgment on the motion. Neither side objected to this procedure. During the Commonwealth's presentation of the evidence, the defendant had the opportunity to cross-examine the witness and two officers who were with her and the defendant at the scene. Following the close of the Commonwealth's evidence, and without asking whether the defendant intended to offer any additional evidence on the motion, the judge denied the defendant's motion to suppress. The defendant's trial counsel made no request to offer additional

---

[3]The defendant had yet to file any motion to suppress by the time of this pretrial hearing and was apparently seeking to attack the evidence's admissibility on the basis of an oral motion in limine.

[4]The trial judge was not the same as the judge who presided at the pretrial hearing.

evidence or for an opportunity for further argument given the state of the evidence at that point.

On appeal, the defendant first argues that he was denied his due process right to examine the details of the out-of-court identification through an evidentiary hearing. See *Commonwealth* v. *Dougan*, 377 Mass. 303, 316-317 (1979). Such a procedure is not constitutionally required in every instance in which a defendant alleges that an identification is improper. *Commonwealth* v. *Simmons*, 383 Mass. 46, 47 (1981), *S.C.*, 392 Mass. 45, cert. denied, 469 U.S. 861 (1984). *Commonwealth* v. *Walker*, 421 Mass. 90, 94 (1995). It is "within the motion judge's authority to decide the motion without an evidentiary hearing" if the defendant's showing does not establish a triable issue of suggestiveness. *Commonwealth* v. *Hap Lay*, 63 Mass. App. Ct. 27, 35 (2005), citing *Commonwealth* v. *Walker, supra* ("As no voir dire was held, we consider the defendant's affidavit in support of his motion to determine whether it established a triable issue of suggestiveness"). Due to the defendant's failure to preserve this alleged error for appellate review, we review the record to determine whether admission of the identification created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Dora*, 57 Mass. App. Ct. 141, 148 (2003) (miscarriage of justice standard applied to failure to hold voir dire on identification when defense counsel did not raise issue below). Compare *Commonwealth* v. *Simmons, supra* at 47-48 (prejudicial error standard applied to failure to hold voir dire on identification when defense counsel in effect lodged objection below). We hold that it did not.

The defendant did not present circumstances that provide a basis for concluding that the identification procedure was unnecessarily suggestive. While the defendant was given an opportunity to develop this issue on cross-examination,[5] he appears to rely on the one-on-one nature of the identification as that which amounted to or was indicative of impermissible suggestion by the police. Without more, the occurrence of a one-on-one show-up is not " 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to deny the

---

[5]The defendant does not argue on appeal that there is any further evidence that he would have liked to present to the judge in support of his motion below.

defendant due process of law." *Commonwealth* v. *Venios*, 378 Mass. 24, 26-27 (1979), quoting from *Stovall* v. *Denno*, 388 U.S. 293, 302 (1967). See *Commonwealth* v. *Johnson*, 420 Mass. 458, 461 (1995) ("one-on-one confrontations are not per se excludable"). We have recognized that they are acceptable in a number of cases despite their inherent suggestiveness. Such identifications "permit witnesses to view the suspect while recollection is fresh and before other images crowd in to distort the original picture." *Commonwealth* v. *Walker*, 421 Mass. at 95, quoting from *Commonwealth* v. *Coy*, 10 Mass. App. Ct. 367, 371 (1980). They also allow the police to release innocent subjects and refocus their efforts on other leads. *Commonwealth* v. *Walker, supra.*

That the defendant possessed at the time of the identification a hat and jacket that the witness had identified as being worn by the person in the dealership window was not an overly suggestive circumstance created by the police. To the extent that the witness's identification was of those articles as opposed to the defendant, there was an absence of the "extreme" circumstances required to render such indirect proof of the defendant's guilt fundamentally unfair. See *Commonwealth* v. *Simmons, supra* at 51-52; *Commonwealth* v. *Jones*, 25 Mass. App. Ct. 55, 62 (1987); *Commonwealth* v. *Raedy*, 68 Mass. App. Ct. 440, 445 (2007). Further, the record shows that the judge was aware of the witness's partial reliance on these articles in identifying the defendant. Trial counsel had the opportunity to bring out the weaknesses of the witness's identification on cross-examination. See *Commonwealth* v. *Shipps*, 399 Mass. 820, 833 (1987). Any degree of suggestiveness went to the weight of the identification, not its admissibility. See *Commonwealth* v. *Melvin*, 399 Mass. 201, 208 (1987); *Commonwealth* v. *Odware*, 429 Mass. 231, 236 (1999).

Moreover, due process does not require exclusion of identification testimony if "the suggestive circumstances do not arise from police activity." *Commonwealth* v. *Odware, supra.* The defendant offers only the occurrence of the identification as the witness walked by the location where he was detained. Our review of the record shows that this encounter occurred by happenstance, see *Commonwealth* v. *Charles*, 4 Mass. App. Ct.

853, 853 (1976),[6] and there is no suggestion that the police drew the witness's attention to the hat and jacket in the defendant's possession. See *Commonwealth* v. *Marrero*, 436 Mass. 488, 494 (2002) ("There is no hint in the record of suggestive tactics on the part of the police that would implicate [the defendant's] due process rights"). "[A]ccidental encounters not brought about by police conduct have been held not to raise due process considerations even if the encounter occurs in a suggestive setting." *Commonwealth* v. *Jones*, 423 Mass. 99, 104 n.5 (1996).[7]

Similarly, the defendant also argues that the conflated procedure of the hearing and trial itself violated his due process rights. The defendant presents no explanation as to how the procedure employed might have denied him due process of law other than that it allegedly inhibited his defense of misidentification. As discussed *supra*, the defendant failed to object to the judge's decision not to hold an evidentiary hearing, the judge did not refuse any request to develop further testimony in support of his motion, and the admitted identification did not create a substantial risk of a miscarriage of justice. Accordingly, we hold that the procedure employed, to which the defendant appeared to assent, did not itself cause a substantial risk of a miscarriage of justice.

Nevertheless, we emphasize that the seamless integration of a hearing on a motion to suppress with a trial on the merits should be avoided. While a defendant who challenges the admissibility of a one-on-one show-up identification procedure does not have a right to a discrete evidentiary hearing distinct from the trial, such a distinct hearing, even if in voir dire, is preferable to what occurred here. See *Commonwealth* v. *Simmons*, 383 Mass.

---

[6]The witness testified that she takes a three-mile walk every morning starting at about 5:00 A.M. She stated that after her husband called the police, she wanted to continue on that walk. The witness thus continued walking down the street with her husband, at which point she first encountered Officer Mantello. She testified that her conversation with the officer consisted only of her indicating to him the suspect's direction of flight. After the officer left, she "just continued to walk" until she encountered the defendant and the officers standing together.

[7]The defendant did not raise, in either his motion to suppress or his appellate brief, the issue whether common-law principles of fairness would nonetheless require suppression.

at 47 ("Although a voir dire is not constitutionally required in all instances in which the admissibility of identification evidence is challenged, the better course would have been to have conducted a voir dire on the admissibility of the victim's identification . . ."), citing *Watkins* v. *Sowders*, 449 U.S. 341, 345 (1981) (recognizing that prudence of hearing out of presence of jury to determine admissibility of identification evidence "has been emphasized by many decisions in the [United States] Courts of Appeals, most of which have in various ways admonished trial courts to use that procedure").

The procedure employed in this case is viewed as having the potential to cause confusion or misapplication of the respective rules of evidence governing suppression hearings and trials, and the respective burdens of proof. Compare *Commonwealth* v. *Smith*, 414 Mass. 437, 442-443 (1993) (defendant has burden to show by preponderance of evidence that identification is unnecessarily suggestive), with *Commonwealth* v. *Nolin*, 448 Mass. 207, 217 (2007) (Commonwealth has burden at trial to prove every element of crime beyond reasonable doubt). It also creates uncertainty or misunderstanding of the procedures to be followed, gives the appearance that the challenged evidence has been accepted on the merits, see *Commonwealth* v. *Rivera*, 425 Mass. 633, 637 (1997) ("a defendant's testimony in support of a motion to suppress evidence pursuant to the Fourth Amendment to the United States Constitution may not be admitted against him at trial on the issue of guilt"), and denies to both parties their rights, pursuant to Mass.R.Crim.P. 15, as appearing in 422 Mass. 1501 (1996), to apply for leave to pursue an interlocutory appeal before jeopardy attaches which, in jury-waived trials, is when the first witness is sworn and begins her testimony, *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 869 (1983). In addition, depending on the circumstances, an agreement of counsel so to proceed might be viewed as acquiescence to a suggestion of a trial judge rather than a thoughtful waiver of a separate hearing. Compare *Commonwealth* v. *Bowman*, 373 Mass. 760, 767-768 (1977) (defense counsel did not passively acquiesce to omission of manslaughter charge when judge twice discussed issue with him and counsel later stated he was content). While we understand the interests of efficiency, especially given the pressure to complete the heavy volume of the court's business on a daily

basis, such a streamlining is an unnecessary expedient at the expense of predictable and orderly procedure which allows for deliberate and discrete strategic planning and decision-making by all the significant participants.

Turning to the defendant's other arguments, we address whether his trial counsel's failure to object properly to the admission of a hearsay statement of the witness denied him the effective assistance of counsel.[8] "[W]hen the claim of ineffectiveness is predicated, as it is here, on counsel's failure to object to something that occurred at trial, the standard for evaluating the ineffectiveness claim is not significantly different from the substantial risk standard that is applicable to our review of the underlying, unpreserved error." *Commonwealth* v. *Azar*, 435 Mass. 675, 686 (2002), *S.C.*, 444 Mass. 72 (2005). We conclude that the witness's statement did not cause such a risk.

When the witness was asked by the prosecutor if she had spoken with the officers as she and her husband happened by them and the defendant, she answered: "I spoke to Officer Mantello . . . he asked me as I was walking by and I said 'yes' and sort of — I know I can't speak for my husband, but he said 'yes' and then we just continued to walk." The defendant's trial counsel followed this with a statement to the court that implied an objection to the unresponsiveness of her answer.[9] He did not expressly object to the clear hearsay nature of the witness's answer, which was inadmissible given that her husband did not testify. See *Commonwealth* v. *Tyree*, 387 Mass. 191, 213 (1982), cert. denied, 459 U.S. 1175 (1983), quoting from *Commonwealth* v. *Flynn*, 362 Mass. 455, 472 (1972) ("A defendant 'is not permitted to raise an issue before the trial court on a specific ground, and then to present that issue to this court on a different ground' ").

Nevertheless, the trial counsel's interruption was followed

---

[8]We recognize that "the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial," *Commonwealth* v. *Zinzer*, 446 Mass. 807, 810 (2006), but are satisfied that this claim comes within the narrow exception that allows for resolution on direct appeal "when the factual basis of the claim appears indisputably on the trial record," *id.* at 811, quoting from *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994).

[9]Specifically, he stated, "I don't understand the answer since it seems to be for a question that wasn't asked, Judge."

immediately by the prosecutor's effort to cure the problem by rephrasing the question: "I was just going to follow-up with that. . . . When you said 'yes' to the officer, what were you saying 'yes' to?" Her response to this was limited, speaking in her own right: "He asked me. He goes, 'Is this the gentleman that you saw coming out of [the dealership]?' and I said 'yes' and I just continued to walk. I didn't stop and stare at the gentleman or anything, I just — ." Her answer eliminated any reference to her husband. Similarly, during the later testimony of Officer Mantello, the judge himself focused the officer to confine his response to that of the witness and not her husband. It is plain from the transcript that the judge was properly self-instructed as to the rules of evidence and did not rely upon the husband's identification. See, e.g., *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568 (1933); *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 394 n.5 (1982).

We also see no error in the judge's question to the witness as to whether she harbored any doubt concerning her identification of the person whom the police had detained that morning as the person she saw climbing out the window, especially given the likely failure or uncertainty of her earlier attempt at an in-court identification. "A trial judge is empowered to question witnesses in order to clarify an issue, to prevent perjury, or to develop trustworthy testimony." *Commonwealth* v. *Paradise*, 405 Mass. 141, 157 (1989), citing *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 846-847 (1980). The judge did not exceed the proper exercise and scope of that discretion, as had occurred in *Commonwealth* v. *Sugrue*, 34 Mass. App. Ct. 172, 173-174 (1993), for example, when an inquiry by the trial judge of a fresh complaint witness exceeded the proper scope of that limited evidence.

Lastly, the defendant contends that there was a denial of due process when the judge allegedly permitted the witness to identify the defendant in court primarily by his race instead of by recognition of his individual characteristics. The witness was uncertain in the identification attempt, at most agreeing that the defendant looked familiar, perhaps by race. This was followed, however, by the judge's clear refusal to allow the record to reflect that the witness had identified the defendant: "The record will not reflect . . . that she's indicating the defendant . . . who is the

only person of that ethnic persuasion and racial composition in the courtroom." Not only did the judge refuse to admit this allegedly improper identification, but he apparently did so specifically to avoid the very impropriety the defendant now asserts. To be sure, in his closing statement, the prosecutor acknowledged the witness's failure to identify the defendant in court, further acknowledged that the judge had so ruled, and stated that no inferences could be drawn in the Commonwealth's favor therefrom. The alleged in-court identification simply was neither admitted nor considered. Thus, there was no error on this ground.

*Judgments affirmed.*