COMMONWEALTH vs. CHARLENE HEALY.

Plymouth. September 2, 2008. - November 4, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Motor Vehicle,* Operating to endanger. *District Court. Practice, Criminal,* Motion to suppress, Trial jury-waived. *Constitutional Law,* Self-incrimination. *Due Process of Law,* Blood alcohol test. *Evidence,* Field sobriety test, Blood alcohol test.

This court concluded that the criminal defendant was not entitled to reversal of her conviction of negligent operation of a motor vehicle (operating to endanger) where, in a proceeding in the District Court that combined the defendant's motion to suppress the results of a field sobriety test with the defendant's jury-waived trial, any error in the judge's alleged consideration of evidence of her initial refusal to take the test was harmless beyond a reasonable doubt, in that the judge presumably correctly instructed himself to consider such evidence only for purposes of the motion to suppress, and in that, even if the judge improperly considered the refusal evidence for purposes of trial, that evidence was relevant only to a charge (operation of a motor vehicle while under the influence of intoxicating liquor) of which the defendant was acquitted [513-514]; further, the judge did not abuse his discretion by taking into consideration the refusal evidence during sentencing [514-516].

Admonition against the practice in the District Court of combining jury-waived criminal trials with hearings on motions to suppress evidence. [516]

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on May 31, 2005.

A pretrial motion to suppress evidence was heard by *Thomas S. Barrett*, J., and the case was also heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

*Karen W. Salon* for the defendant.

COWIN, J. This case presents another example of the problems created when judges conduct a suppression hearing and a trial

simultaneously, see *Commonwealth* v. *Love, ante* 498 (2008), a practice the appellate courts have discouraged. See *Commonwealth* v. *Powell*, 72 Mass. App. Ct. 22, 27-29 (2008). A District Court judge, after holding a hearing on the defendant's motion to suppress in the same proceeding as the defendant's jury-waived trial, found the defendant guilty of negligent operation of a motor vehicle (operating to endanger).[1] In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court reversed the conviction. *Commonwealth* v. *Healy*, 71 Mass. App. Ct. 1107 (2008). We granted the Commonwealth's application for further appellate review, see *Commonwealth* v. *Healy*, 451 Mass. 1101 (2008), and we now affirm the conviction.

Prior to the trial, the defendant filed a motion to suppress the results of a field sobriety test. The judge held a hearing on the motion to suppress together with the defendant's jury-waived trial in the same proceeding. Evidence was introduced at this combined proceeding that the defendant had initially refused to perform a field sobriety test. The defendant claims that, because this refusal evidence was improperly admitted at her trial, she is entitled to reversal of her conviction.

*Background.* We summarize the facts that the judge could permissibly have found. The defendant was stopped by Officer James Simpson of the Rockland police department because her automobile went through a yellow light that was changing to red, and her car was weaving within her lane. Upon approaching the defendant's car, the officer smelled a strong odor of alcohol on the defendant's breath and noted that her eyes were glassy and her speech was slurred.[2] After asking the defendant for a license and vehicle registration, Simpson asked the defendant whether she had been drinking, and the defendant admitted that she had been "a while ago," but did not know how long ago. Simpson ordered the defendant to step out and go to the rear of her vehicle, which she did with some reluctance.

---

[1]The judge acquitted the defendant of operating a motor vehicle while under the influence of intoxicating liquor and found her not responsible for failure to stop or yield. See G. L. c. 90, § 24 (1) (*a*) (1) & (2) (*a*); G. L. c. 89, § 9.

[2]There was evidence that the defendant had broken her jaw in the past, but the officer also testified that he was familiar with her manner of speech subsequent to that incident, and that on this occasion her speech was more slurred than normal.

Officer Simpson noticed that the defendant was unsteady on her feet.[3] Simpson asked the defendant to consent to a field sobriety test, and she initially refused. Eventually she consented to perform the "alphabet" test and failed it. Simpson then placed the defendant under arrest.

The defendant moved to suppress "any and all results of any field sobriety tests"[4] on the ground that she was subjected to the test involuntarily because of her initial refusal to take it. On the day the case was scheduled for trial, the judge announced that he would hear evidence on both the motion and the trial, "incorporat[ing] [it] and mak[ing] [it] part of [the trial]." Evidence was introduced that was relevant both to the motion and to the trial. The defendant's trial counsel did not object as the refusal evidence was presented, but did object when testimony was introduced regarding the defendant's performance of the alphabet test, reminding the judge that "[t]his is the aspect of the motion." Trial counsel made no further objections during the proceeding.

The judge then heard arguments on the motion and, ultimately, denied it. The proceeding resumed, and at its conclusion, as stated, the judge found the defendant guilty of operating to endanger.[5] He sentenced the defendant to two years' probation, conditioned on her addressing her alcohol problem. The defendant appealed her conviction, and the Appeals Court reversed on the ground that the admission of the defendant's refusal to take the field sobriety test was a constitutional error that was not harmless beyond a reasonable doubt. See *Commonwealth* v. *Healy*, 71

[3]Simpson testified that he observed the defendant wearing a boot-type cast on her left leg, but that her unsteadiness seemed "excessive" even in light of the cast, and that the defendant was "sway[ing] her upper body" while standing still.

[4]Although the defendant's motion referred to multiple "field sobriety tests," testimony indicated that only one test was administered.

[5]Although the verdict of guilty of operating to endanger may appear inconsistent with the finding of not responsible for failure to stop, see note 1, *supra*, the record indicates that the judge considered the failure to stop infraction to be a lesser included offense of the operating to endanger charge. Thus, the judge found the defendant "[n]ot responsible [for failure to stop or yield] as part of the driving to endanger." We do not necessarily agree with the judge's ruling that failure to stop (which is a civil infraction) is a lesser included offense of operating to endanger, but that matter is not before us and has no bearing on our decision.

Mass. App. Ct. 1107 (2008). On appeal, the defendant does not challenge the judge's denial of her motion to suppress the results of the field sobriety test. See *Commonwealth* v. *Blais*, 428 Mass. 294, 299-301 & n.3 (1998). Rather, she claims that the judge erroneously considered her refusal to submit to the field sobriety test at her trial and at sentencing.[6]

*Discussion.* It is well settled in Massachusetts that a defendant's refusal to submit to a blood alcohol or field sobriety test is inadmissible at trial.[7] See *Commonwealth* v. *Blais, supra* at 299-300; *Commonwealth* v. *Zevitas*, 418 Mass. 677, 683-684 (1994). We have disallowed refusal evidence because its testimonial and incriminating character renders it inconsistent with the defendant's privilege against self-incrimination secured by art. 12 of the Massachusetts Declaration of Rights. *Commonwealth* v. *McGrail*, 419 Mass. 774, 779-780 (1995); *Opinion of the Justices*, 412 Mass. 1201, 1208-1211 (1992); *Commonwealth* v. *Grenier*, 45 Mass. App. Ct. 58, 61-62 (1998).

The defendant argues that the judge committed constitutional error by considering for the purposes of trial the evidence of her initial refusal to submit to the field sobriety test, and that the applicable standard of review is whether this error was harmless beyond a reasonable doubt. See *Commonwealth* v. *Perrot*, 407 Mass. 539, 548-549 (1990). The Commonwealth counters that the defendant is essentially attempting to rewrite her motion on appeal. It argues that the defendant did not seek to suppress the evidence of her refusal, but rather only sought suppression of the results of the field sobriety test on the basis of voluntariness. In addition, the Commonwealth contends that the defendant also failed specifically to object to the introduction of the refusal evidence at any time or to ask that such evidence be limited to the motion hearing only. See Mass. R. Crim. P. 13 (a) (2), as appear-

---

[6]Unlike *Commonwealth* v. *Love, ante* 498, 502-506 (2008), no issue of double jeopardy is presented here.

[7]The United States Supreme Court, however, has held that refusal evidence is not barred by the privilege against self-incrimination under the Fifth Amendment to the United States Constitution, "[s]ince no impermissible coercion is involved when the suspect refuses to submit to take the test." *South Dakota* v. *Neville*, 459 U.S. 553, 562-564 (1983). Many other jurisdictions that have considered the issue have reached similar results. See Annot., Admissibility in Criminal Case of Evidence that Accused Refused to Take Test of Intoxication, 26 A.L.R.4th 1112 § 7 (1983 & Supp. 2008) (collecting cases).

ing in 442 Mass. 1516 (2004) (requiring pretrial motions to list all grounds separately and with particularity). See also *Commonwealth* v. *O'Brien*, 432 Mass. 578, 587 (2000) (issue of voluntariness of defendant's statements to police not preserved where neither defendant's motion nor arguments at suppression hearing raised it apart from separate Miranda issue). Thus, the Commonwealth argues, the issue has been waived and the appropriate standard of review is whether any error created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Randolph*, 438 Mass. 290, 296-298 (2002). The defendant, however, would have us interpret her motion and trial counsel's argument as broadly aimed not only at the results of her field sobriety test, but also at her refusal. Thus, she claims, she preserved the issue for appeal. See *Commonwealth* v. *Whelton*, 428 Mass. 24, 25-26 (1998) (denial of motion to suppress on constitutional grounds is reviewable on appeal without further objection at trial).

The record is less than clear concerning the basis of the defendant's motion, but we need not decide who has the better of that argument. Assuming without deciding that the defendant properly preserved as error the judge's alleged consideration at trial of the initial refusal, any error was harmless beyond a reasonable doubt. See *Commonwealth* v. *Perez*, 411 Mass. 249, 260 (1991). Unlike the Appeals Court in this case, "[w]e assume that the trial judge 'correctly instructed himself' " on the law (that refusal evidence is inadmissible at trial). See *Commonwealth* v. *Ortiz*, 431 Mass. 134, 141 (2000), quoting *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568 (1933). "[J]udges in jury-waived trials are presumed to know and correctly apply the law." *Commonwealth* v. *Watkins*, 63 Mass. App. Ct. 69, 75 (2005), citing *Commonwealth* v. *Montanez*, 439 Mass. 441, 449 (2003). Thus, we assume that the judge gave no weight to the refusal evidence for the purposes of trial and considered it only for the purposes of the motion to suppress. However, even if we were to accept the proposition that the judge improperly considered the refusal evidence for the purposes of trial, the defendant could not have been harmed because the refusal evidence was relevant only to the charge of operating a motor vehicle while under the influence of intoxicating liquor (OUI), of which she ultimately was acquitted. See note 1, *supra.*

The defendant also contends that the judge improperly

considered the refusal evidence during sentencing, i.e., that the fact of her refusal may have caused the judge to believe that she refused the test because she had been drinking. Although the judge clearly considered the defendant's drinking and her alcohol problem during sentencing, it was within his discretion to do so. We have consistently upheld the "considerable latitude" of sentencing judges to "determine the appropriate individualized sentence," *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92 (1993). The judge "may consider many factors which would not be admissible as evidence in the trial of a case."[8] *Commonwealth* v. *Celeste*, 358 Mass. 307, 309-310 (1970). Judges may not punish the defendant for offenses of which he or she does not stand convicted in the particular case, *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 220-221 (1976), but can properly consider otherwise "reliable evidence of the defendant's prior misconduct," insofar as it is relevant to the defendant's "character and . . . amenability to rehabilitation." *Commonwealth* v. *Goodwin, supra.*

Here, there was evidence independent of the refusal that was more than sufficient for the judge to believe that the defendant had indeed been drinking, even though he found the evidence insufficient to support an OUI conviction. The defendant admitted that she had been drinking at the outset of her encounter with the police (before there was any discussion of a field sobriety test), and had glassy eyes, slurred speech, and a strong odor of alcohol. The judge could also properly consider the defendant's failure of the field sobriety test, see *Commonwealth* v. *Blais*, 428 Mass. 294, 299-301 & n.3 (1998), and, as mentioned,

[8]The judge may not, however, consider refusal evidence against the defendant for sentencing purposes, for that would burden the privilege against self-incrimination secured to the defendant by art. 12 of the Massachusetts Declaration of Rights. See *Commonwealth* v. *Mills*, 436 Mass. 387, 400 & n.9 (2002) (impermissible to enhance punishment for exercising constitutional rights). See also *Mitchell* v. *United States*, 526 U.S. 314, 325-327 (1999) (Federal right to silence retained at sentencing and its exercise may not be commented upon). Cf. *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 624-625 (1982), citing *Roberts* v. *United States*, 445 U.S. 552, 558-560 (1980) ("At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating," sentencing judge could properly consider defendant's lack of cooperation with police where defendant failed to invoke privilege against self-incrimination in timely manner).

the defendant does not challenge the judge's denial of her motion to suppress this evidence. The judge also referred to the defendant's previous history of "[d]isorderly conduct, assaultive behavior, operating after suspension and . . . [a previous conviction for OUI]," which was sufficient basis for the judge to conclude that the defendant had a drinking problem. In short, the refusal evidence had no discernible effect on either the verdict or punishment, and therefore her conviction must stand.

We take this opportunity once again to discourage the practice in the District Court of consolidating bench trials with the hearing of motions to suppress. Any benefits of this practice in terms of efficiency are more than outweighed by its considerable potential for the kind of confusion that occurred here, as in *Commonwealth* v. *Love, ante* 498, 508-509 (2008). The procedure has "the potential to cause confusion or misapplication of the respective rules of evidence governing suppression hearings and trials, and the respective burdens of proof," while also "creat[ing] uncertainty or misunderstanding of the procedures to be followed, [and] giv[ing] the appearance that the challenged evidence has been accepted on the merits." *Commonwealth* v. *Powell,* 72 Mass. App. Ct. 22, 28 (2008). In addition, the practice effectively "denies to both parties their rights . . . to apply for leave to pursue an interlocutory appeal before jeopardy attaches." *Ibid.* See Mass. R. Crim. P. 15 (c), as appearing in 422 Mass. 1501 (1996). While we are not unmindful of the burden faced daily by District Court judges seeking to dispose of large volumes of cases, the practice should be eliminated. See *Commonwealth* v. *Love, supra.*

*Judgment affirmed.*