The defendant appeals from an order revoking his probation and sentencing him to seven to nine years for the crime of armed assault with intent to murder. On appeal, he claims primarily that he received inadequate notice of his final probation revocation hearing. Because the record establishes that the defendant received adequate notice, we affirm.
1. Background. In 2008, the defendant shot a man twice in the chest during an altercation at a baby shower. In 2009, the defendant pleaded guilty to multiple counts, including armed assault with intent to murder, in violation of G. L. c. 265, § 18(b ), assault and battery by means of a dangerous weapon causing serious bodily injury, in violation of G. L. c. 265, 15A(b ), and various firearms charges.[2] Relevant here, the defendant was sentenced to four to six years in prison on the assault and battery by means of a dangerous weapon charge, and from one to three years of probation, from and after, on the armed assault with intent to murder charge.
In May, 2015, after serving his prison sentence and while on probation, the defendant was arrested by the Springfield police for a variety of firearms offenses, following a traffic stop. Thereafter, a final probation violation hearing was scheduled for June 30, 2016. The defendant appeared on that date, with counsel. After an evidentiary hearing the judge found that the defendant had violated his probation by virtue of his alleged firearms offenses, and subsequently sentenced the defendant to seven to nine years in prison for armed assault with intent to murder. The defendant timely appeals.
2. Discussion. The defendant first argues that his due process rights were violated because he did not receive adequate notice of the June 30, 2016, final revocation hearing. His argument focuses on the purported evidence of notice that the Commonwealth adduced at the June 30th hearing, which the Commonwealth presented through the testimony of a probation officer, who testified as keeper of records. The defendant challenges both the foundation for, and the sufficiency of, the Commonwealth's notice evidence.
Since the defendant's liberty was at stake at the probation revocation hearing, he had a constitutional right to receive adequate notice of that hearing. See Commonwealth v. Durling, 407 Mass. 108, 112-113 (1990) ; Commonwealth v. Hartfield, 474 Mass. 474, 479 (2016). Here the judge found that the defendant received such notice. There was no error, as the record demonstrates that the defendant (as well as his counsel) received actual notice of the final revocation hearing, during an earlier court hearing on April 28, 2016. On that date the defendant and his counsel appeared in court for a previously scheduled final revocation hearing, and the defendant's counsel requested a continuance. It is evident from the transcript that the defendant and his counsel knew that the basis for revocation was the new criminal charges. The judge continued the final revocation hearing to June 30, 2016; the judge specifically advised both the defendant and his counsel, on the record, of that date for a "final hearing."
Such actual notice satisfies the constitutional notice requirement.[3] See Fay v. Commonwealth, 379 Mass. 498, 502-503 (1980). See generally Commonwealth v. Delaney, 425 Mass. 587, 592-593 (1997), cert. denied, Delaney v. Massachusetts, 522 U.S. 1058 (1998). Indeed, both the defendant and his counsel appeared at the hearing on June 30, 2016. The transcript of the June 30 hearing does not reflect any objection by the defendant to going forward with a final revocation hearing on that date, nor does the record reflect that counsel was unprepared or misunderstood the nature of the hearing.[4]
The defendant also argues that the judgment must be reversed because the judge applied the wrong standard-probable cause rather than preponderance of the evidence-in finding a probation violation. The defendant's argument rests entirely on two statements made by defense counsel, not the judge, during defense counsel's final argument at the hearing. The argument is without merit. The judge is presumed to apply the correct standard. See Commonwealth v. Healy, 452 Mass. 510, 514 (2008), quoting from Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005) ("Judges in jury-waived trials are presumed to know and correctly apply the law"). While this presumption can be overcome by a showing of statements by the judge, here the defendant does not rely on any statements or rulings by the judge. See Commonwealth v. Batista, 53 Mass. App. Ct. 642, 648 (2002). Moreover, the judge's findings are entirely consistent with the preponderance standard; the findings in no way suggest the application of a lesser burden.
Order revoking probation affirmed.

Carrying a firearm without a license, in violation of G. L. c. 269, § 10(a ), and possession of ammunition without an FID card, in violation of G. L. c. 269, § 10(h ).

For this reason we need not address the sufficiency of the evidence adduced from the probation officer who testified as a keeper of the records.

After the defendant was advised of the final revocation hearing in court on April 28, 2016, a notice was mailed to him at the "Ludlow HOC," which mistakenly identified the June 30, 2016, date for an "Initial Violation Hearing." Given the clarity of the notice given in court on April 28, the written letter does not affect our analysis. See Commonwealth v. Morse, 50 Mass. App. Ct. 582, 588-589 (2000) (though notice of preliminary or final probation revocation proceeding unclear, no confusion that hearing when held was final hearing).