NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-758

COMMONWEALTH

vs.

MOSES J. DREW.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2020, the defendant pleaded guilty to assault and battery on a family or household member and witness intimidation. His sentence for those crimes included a term of probation. After the defendant was arrested again in February of 2022 for assault and battery on a family or household member and for assault and battery by means of a dangerous weapon, the Commonwealth issued him a notice of violation of his probation based on the new offenses. The probation surrender hearing proceeded on the papers after two witnesses summoned by the Commonwealth asserted their Fifth Amendment rights. Based on the lengthy, detailed police report compiled by an officer who responded to the February 2022 incident, which the Superior Court judge concluded constituted substantially reliable hearsay, the judge found the defendant in violation of his

probation.  The defendant appealed, and it is that appeal that is before us.[1]  We affirm.

Probation can be revoked based on hearsay evidence.  See Commonwealth v. Durling, 407 Mass. 108, 118-119 (1990). However, where, as here, "hearsay is offered as the only evidence of the alleged violation, the indicia of reliability must be substantial."  Id. at 118.  The Supreme Judicial Court has identified a number of factors to be considered in determining whether hearsay evidence proffered by the Commonwealth in a probation revocation hearing is sufficiently reliable:

> "In assessing whether the hearsay evidence is reliable, a hearing judge may consider (1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether

---

[1] After he filed his notice of appeal, the defendant filed in the Superior Court a motion for postconviction relief pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001).  That motion was denied and the defendant filed no appeal of that order.  The defendant subsequently was charged with additional probation violations and at a probation revocation hearing held on November 15, 2022, he admitted to those violations, and a different judge (second probation judge) sentenced him to serve the balance of his original sentence. Because the second probation judge referenced the earlier violation in imposing sentence, the defendant requests resentencing on the second violation.  The Commonwealth argues that the defendant waived such relief by not appealing the second order revoking his probation.  We need not reach this issue in light of the fact that we affirm the first order revoking his probation.

2

the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). Based on those factors, the police report here readily qualified. The detailed eyewitness accounts, which were based on direct observations and provided close in time to the incident, "were made under circumstances that support[ed] their veracity."[2] Id. They were internally consistent and corroborated each other, and they were consistent with, and partially corroborated by, what the responding police themselves observed (e.g., the responding officer found the alleged victim distraught and curled into a fetal position). Because of the nature and content of the statements included in the police report, the defendant is unable to demonstrate that the judge abused his discretion in admitting them in evidence, or in relying on them to find a probation violation.[3]

We are not yet done, however, because the defendant appears to be suggesting that even if the police report were considered

---

[2] Although the statements were not made under oath, providing a false report to police officers is a crime. See G. L. c. 269, § 13A. For this reason, reports of crimes given by identified individuals are afforded some degree of reliability. See, e.g., Commonwealth v. Costa, 448 Mass. 510, 515-516 (2007).

[3] To the extent that the defendant suggests that Durling and Hartfield should be revisited, such arguments are for the Supreme Judicial Court, not us.

3

reliable on its own, its reliability was undercut by the fact that the victim and another key eyewitness (the defendant's roommate) declined to testify based on their Fifth Amendment rights. It is not unusual for witnesses to recant, especially in domestic abuse prosecutions. We see nothing in the caselaw that suggests that where -- in the context of a probation revocation hearing -- witnesses seek to recant earlier statements they made to police, a judge is precluded from relying on such statements if they otherwise present substantial indicia of reliability. See, e.g., Commonwealth v. Patton, 458 Mass. 119, 131, 134 (2010) (no error in judge's finding probation violation based at least in great part on hearsay statements alleged victim made to investigators even in face of evidence that witness subsequently recanted). We discern no abuse of discretion by the judge in finding the police report here sufficiently reliable notwithstanding the witnesses'

unwillingness to provide live testimony based on Fifth Amendment grounds.[4]

Order dated June 8, 2022,
  revoking probation
  affirmed.

By the Court (Milkey, Sacks &
  Smyth, JJ.[5]),

*Ane M. Thomas*

Assistant Clerk

Entered:  May 30, 2024.

---

[4] After himself conducting a voir dire of the two witnesses pursuant to Commonwealth v. Martin, 423 Mass. 496 (1996), the judge ruled that they had viable bases for asserting their Fifth Amendment rights.  Counsel for the defendant and the Commonwealth appropriately were excluded from the Martin hearing.  It is well established that transcripts of Martin hearings are supposed to be sealed and stay sealed unless opened by an appellate court.  See Commonwealth v. Alicea, 464 Mass. 837, 843 (2013).  Nevertheless, without explanation, the transcript of the Martin hearing was included in the record appendix before us, and the defendant extensively cites to the voir dire testimony included there.  Putting aside whether the testimony given at the Martin hearing is properly before us, we see nothing in it that undercuts our legal conclusions or that suggests any injustice occurred here.  For present purposes, it suffices to say that any recanting by the witnesses was only partial.  To the extent that the victim made statements during the Martin hearing that supported the Commonwealth's case, we do not rely on such statements, and we presume the judge did not either.  See Commonwealth v. Healy, 452 Mass. 510, 514 (2008) ("we assume that the judge gave no weight to the [inadmissible] evidence for the purposes of trial and considered it only for the [other] purposes").

[5] The panelists are listed in order of seniority.