NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-910

COMMONWEALTH

vs.

JOSHUA S. SILVA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Joshua S. Silva, appeals from a conviction, after a jury-waived trial in the District Court, of operating a motor vehicle while under the influence of alcohol, G. L. c. 90, § 24 (1) (a) (1).  We discern no error in the cashier's testimony that she carefully observed the defendant to determine whether he was intoxicated.  Further presuming that the trial judge correctly instructed herself not to consider refusal evidence, we discern no substantial risk of a miscarriage of justice from the evidence that the defendant was offered a breath test but ceased talking to the police officer who was working a detail, and affirm the conviction.

1.  Testimony of the cashier.  When asked who the defendant was, the liquor store cashier who encountered the defendant the day of the crime answered that he "was a pretty consistent customer."  She then unresponsively added, "We saw him daily, often multiple times a day, so he was also a person that we were kind of carefully watching to make[] sure that we did not over-serve him."  "Because the defendant did not object at trial to the challenged testimony . . . , 'we review his claims to determine whether there was error, and, if so, whether the errors created a substantial risk of a miscarriage of justice.'" Commonwealth v. Belnavis, 104 Mass. App. Ct. 798, 801 (2024), quoting Commonwealth v. Cintron, 103 Mass. App. Ct. 799, 804 (2024).

Although the defendant characterizes this testimony as prior bad act evidence, there is nothing illegal or wrong about repeatedly visiting a liquor store.  Even viewed through that lens, such evidence is inadmissible "for the purposes of showing [the defendant's] bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose." Commonwealth v. Bryant, 482 Mass. 731, 734 (2019), quoting Commonwealth v. Helfant, 398 Mass. 214, 224 (1986).  Here, the testimony that the cashier was "carefully watching to make[] sure that we did not over-serve him" was

2

useful to explain why the cashier assessed the defendant's intoxication and ultimately decided not to sell to him, despite working at a busy store. Moreover, a "trial judge sitting without a jury is presumed, absent contrary indication, to have correctly instructed [herself] as to the manner in which evidence is to be considered in [her] role as factfinder." Commonwealth v. Batista, 53 Mass. App. Ct. 642, 648 (2002). Accordingly, we presume the trial judge did not consider this evidence for propensity purposes but only to explain the cashier's actions. We discern no error.

2. Testimony of the police officer on detail. The police officer who was working a detail and encountered the defendant testified that he asked the defendant "if he'd be willing to take . . . . a portable breath test," and the defendant "refused to speak to [him] any longer." As the Commonwealth properly concedes, such refusal evidence is inadmissible. See Commonwealth v. Daigle, 99 Mass. App. Ct. 107, 112 (2021). Again, because the defendant did not object, we review only for a substantial risk of a miscarriage of justice. See Belnavis, 104 Mass. App. Ct. at 801.

The Supreme Judicial Court has strictly enjoined us, in these circumstances, to "'assume that the trial judge "correctly instructed [herself]"'" on the law (that refusal evidence is

3

inadmissible at trial)," and to "assume that the judge gave no weight to the refusal evidence for the purposes of trial." Commonwealth v. Healy, 452 Mass. 510, 514 (2008), quoting Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000). This presumption is particularly warranted in this case. Considering that the defendant voluntarily agreed to perform two field sobriety tests for the arresting officer, drawing any conclusion of intoxication from the defendant's not responding to the detail officer would have been particularly strained. Moreover, there was no further mention of the offered breath test at trial or in closing arguments. In short, nothing in the record disturbs our presumption that the trial judge disregarded the fleeting evidence that the defendant refused to respond to a request to take a breath test. Accordingly, we discern no substantial risk of a miscarriage of justice. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013).

Judgment affirmed.

By the Court (Ditkoff, Hand & Walsh, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 4, 2025.

---

[1] The panelists are listed in order of seniority.