This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF RIO RANCHO,**

    Plaintiff-Appellee,

v.                           **NO.   29,383**

**RUBEN DURAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Gina R. Manfredi, Assistant City Attorney
Rio Rancho, NM

for Appellee

Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Defendant Ruben Duran appeals his conviction after a de novo bench trial for driving while under the influence of intoxicating liquor (DWI) in violation of

Rio Rancho Revised Ordinance 12-6-12.1.  [RP 77]  Defendant raises two issues: (1) sufficiency of the evidence; and (2) whether admission of evidence of Defendant's refusal to submit to a breath test violated Article II, Section 15 of the New Mexico Constitution.  This Court issued a calendar notice proposing to affirm.  Defendant filed a memorandum in opposition, which we have given due consideration.  We affirm Defendant's conviction.

**SUFFICIENCY OF THE EVIDENCE**

Defendant first argues that there was not sufficient evidence to support a conviction.  This is a question of law which we review de novo.  *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703.  "In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary."  *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.  We determine as a matter of law "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt."  *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (alteration in original) (internal quotation marks and citation omitted).

We do not reweigh the evidence or substitute our judgment for that of the factfinder. *Neatherlin*, 2007-NMCA-035, ¶ 8.

Defendant was charged under City of Rio Rancho Ordinance Section 12-6-12.1, which provides in relevant part: "It is unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle within this municipality." [DS 9]  The corresponding New Mexico statute, NMSA 1978, Section 66-8-102(A) (2008), has been interpreted as follows: "A person is under the influence of intoxicating liquor if as a result of drinking liquor [the driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted).

According to Defendant's docketing statement, Defendant was observed making a u-turn across a concrete divider as he approached a DWI checkpoint in Rio Rancho.  [DS 2-3]  After stopping Defendant, the arresting officer noticed a strong odor of alcohol and that Defendant had bloodshot, watery eyes.  [DS 3] Another officer administered field sobriety tests and concluded that Defendant did not pass them.  [Id.]  We conclude that the traffic violation, particularly one of this nature, in combination with the evidence that Defendant had been drinking and

performed unsatisfactorily on the field sobriety tests, was sufficient to prove beyond a reasonable doubt that he was "less able to the slightest degree" to handle his vehicle safely. We conclude that Defendant's conviction was supported by sufficient evidence.

**ADMISSIBILITY OF BREATH TEST REFUSAL**

Defendant argues that admission of evidence of his refusal to submit to a breath test violated Article II, Section 15 of the New Mexico Constitution. He correctly acknowledges that admitting evidence of refusal to submit to a breath test has been held not to violate the Fifth Amendment's right to be free from self-incrimination. *McKay v. Davis*, 99 N.M. 29, 32, 653 P.2d 860, 863 (1982); *see also State v. Wright*, 116 N.M. 832, 836, 867 P.2d 1214, 1218 (Ct. App. 1993) (holding refusal to take field sobriety tests admissible).

Rule 12-208(D)(4) NMRA requires that a docketing statement include "a statement of the issues presented by the appeal, *including a statement of how they arose and how they were preserved in the trial court.*" (emphasis added). Rule 12-216(A) NMRA provides: "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." "[I]t is a fundamental rule of appellate practice and procedure that an appellate court will consider only such questions as were raised in the lower court." *State v. Gomez,*

4

1997-NMSC-006, ¶ 14, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and citation omitted).

Regarding preservation of Defendant's issue arguing that Article II, Section 15 of New Mexico Constitution provides more protection than its counterpart in the Fifth Amendment to the United States Constitution, we note the following language in *Gomez*, where our Supreme Court adopted the interstitial approach to analysis of claims that the New Mexico Constitution provides broader protection than the federal constitution:

> [W]hen a party asserts a state constitutional right that has *not* been interpreted differently than its federal analog, a party also must assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision. This will enable the trial court to tailor proceedings and to effectuate an appropriate ruling on the issue.

*Gomez,* 1997-NMSC-006, ¶ 23 (emphasis in original).

Defendant points out in his memorandum in opposition to proposed summary affirmance that Rule 12-216 also provides "This rule shall not preclude the appellate court from considering jurisdictional questions or, in its discretion, questions involving: (1) general public interest; or (2) fundamental error or fundamental rights of a party." Rule 12-216(B).

Defendant does not dispute that the self-incrimination issue was not preserved in district court. [MIO 1] He argues that because a fundamental right is involved, this Court should exercise its discretion to review the issue. [MIO 3-4] In declining to do so, we observe, among other things, New Mexico's longstanding acceptance under Fifth Amendment jurisprudence that admissibility of refusal does not violate the right against compelled self-incrimination. *McKay*. We also note the statutory acceptance of refusal of blood alcohol testing as an element of the offense of aggravated driving while under the influence of intoxicating liquor. Section 66-8-102(D)(3). Finally, although Defendant's docketing statement identified several areas in which New Mexico has provided more protection under its constitution than would be available under the federal constitution, his memorandum in opposition does not give any indication of the reasons he believes the admissibility of refusal of blood alcohol testing should be treated differently under Article II, Section 15 than under the Fifth Amendment.

For the reasons stated above, we affirm the district court.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**